## McMILLAN *v.* DANA *et al.* •

18  339
86  370
18  339
116  37
18  339
†134 513

WHERE defendant in attachment applies to the Court under Secs. 136 and 137 of the Practice Act for a discharge of the attachment, and an undertaking is executed by D. & R., reciting the fact of the attachment, and that "in consideration of the premises, and in consideration of the release from attachment of the property attached as above mentioned," they undertake to pay whatever judgment plaintiff may recover, etc., and the Court makes an order discharging the writ and releasing the property : *Held*, in suit against the sureties on the undertaking that the complaint need not aver that the property was actually released and delivered to the defendant; that as the consideration for the undertaking was the release of the property, and as the complaint avers such release, in consequence and in consideration of the undertaking, by order of the Court, which is set out, the actual release and redelivery of the property to defendant is immaterial—the plaintiff having no claim on it after the undertaking was given and the order of release made.

The recitals in statutory undertakings given in such cases, have the same effect and are to be construed in the same way as bonds making the same recitals, and are conclusive of the facts stated.

The sureties on a statutory undertaking given to release property attached, reciting the fact of the levy, the release of the property and promises to pay the judgment, etc., cannot, when sued on the undertaking, question either the fact of the levy, or whether the property was subject to it.

*Query.* Whether these rules as to the effect of statutory undertakings would be different if the undertakings varied from the statute in merely formal matters ?

In suit on a statutory undertaking given to release property attached and reciting the fact of a levy of the writ, the complaint need not aver or set out the facts which authorized the issuing of the attachment.   The recital of the *levy* estops defendants from denying it, and the levy is sufficient without averment of the previous proceedings.

Where the Court below granted a nonsuit—the case being submitted on complaint on an undertaking and answer—the Supreme Court, while reversing the judgment below, refused to enter judgment for plaintiff, although the answer presented no defense : *holding*, that as there was no trial below, the Court could not know what course defendants would have taken, by amendments or otherwise, by way of defense to the action.

Amendments to pleadings should be allowed with great liberality at any time before trial—injurious delays being avoided, and the amendment being essential to a fair trial on the merits.

APPEAL from the Twelfth District.

Suit upon the undertaking set out in the opinion of the Court, given under secs. 136 and 137 of the Practice Act.

The material portions of the complaint are as follows :

" That, etc., on December 17th, 1856, the plaintiff commenced

an action, etc., against one Garrett N. Vischer, to recover, etc., $11,000 for money had and received by said Vischer to plaintiff's use, and on December 22d, 1856, sued out, etc., in said action in due form of law a writ of attachment, directed to the Sheriff of the county of San Francisco, directing him, among other things, to attach and safely keep all the property of said Vischer in said county, etc., not exempt from execution, or so much thereof as might be sufficient to satisfy this plaintiff's demand against said Vischer, in $6,400, interest and costs, etc., which writ of attachment said plaintiff, on the twenty-second day of December aforesaid, delivered to said Sheriff to serve and return. That afterwards on said twenty-second day of December, said Sheriff, by virtue of said writ, attached the sum of $24,000 in the hands of Tallant & Wilde and Parrott & Co., bankers in the city and county of San Francisco, and by returning the same into Court. Plaintiff further avers, that the said attachment and the lien created thereby were in full force on the eighth day of December, 1858, when the said defendants, William A. Dana and Ira P. Rankin, made and executed their written contract and undertaking in said action against said Vischer in the words and figures following, to-wit :—(See opinion.)    Which said undertaking was approved by the Judge of said Court, and was duly filed in said Court, and action for the use of this plaintiff, on the twelfth day of December, 1856, and thereafter, on the said twelfth day of December, 1857, in consequence and in consideration of such undertaking on the part of these defendants, said property and moneys so attached, as aforesaid, were released from said attachment, as by the order of said Court, made by the Judge of said Court and filed in said Court and action on the said twelfth day of December, 1857, in the words and figures following, to wit :—

" DISTRICT COURT TWELFTH JUDICIAL DISTRICT, CITY AND COUNTY OF SAN FRANCISCO.

" Robert McMillan, ⎫
      *vs.*      ⎬
" Garrett N. Vischer. ⎭

" Upon application of defendant's attorneys to discharge the writ of attachment heretofore issued and served in said action, and upon

McMillan *v.* Dana.

proof of service upon plaintiff's attorneys of an order shortening the time of giving notice of this application, and also of due service of notice of this application, and upon the execution, delivery and filing on the part of the defendant of an undertaking, in discharge of and release of property from attachment pursuant to law.

"It is ordered that the writ of attachment heretofore issued and served in this action, be and the same is hereby discharged, and all money attached or garnisheed upon said writ of attachment, be and the same is hereby released from attachment.

"EDWARD NORTON,

"Judge of Twelfth District."

And the plaintiff avers that on the twelfth day of December, 1859, in said Court, etc., he recovered a judgment in said action against said Vischer for, etc., $6,821.50 damages and, etc., two hundred and ninety dollars and ninety-five cents costs, and on the twenty-fifth day of February, 1860, duly issued an execution upon the same, and delivered the same to the Sheriff of the city and county of San Francisco to serve and return, who duly returned the same into this Court wholly unsatisfied.

And the plaintiff avers that on the thirteenth day of April, 1860, he made demand on said defendant William A. Dana for the said sums of money so due on said judgment, and on the fourteenth day of said April he made a like demand on said defendant Ira P. Rankin, and that said defendants, etc., refused to pay the same or any part thereof, and that neither said Vischer nor these defendants have paid said judgment or any part thereof, etc.

It is not material to state the answer. On the trial, plaintiff, without offering any evidence, submitted the case on complaint and answer. Defendants moved for a nonsuit on the ground that the complaint did not state facts sufficient to constitute a cause of action. Granted; judgment accordingly and plaintiff appeals.

*J. McM. Shafter,* for Appellant.

1. The complaint is sufficient. "None but issuable facts should be stated." (*Green* v. *Palmer,* 15 Cal. 411.) And where the complaint shows that defendant would be estopped to deny any fact,

McMillan v. Dana.

the complaint need not aver such fact. (1 Chitty's Pl. 586.) Here the complaint set out the undertaking, which was equivalent to averring the facts recited therein. (*Slack* v. *Heath*, 4 E. D. Smith, 95; 1 Abbott, 331; 6 Id. 243; 16 How. 120; 7 Id. 344.) And as these recitals estop defendants, they could not tender an issue thereon. (*Sartin* v. *Wier*, 3 Stew. & Por. 421; *Crisman* v. *Mathews*, 1 Scammon, 148; *Morgan* v. *Furst*, 4 Martin, N. S. 116; *Jewett* v. *Torry*, 11 Mass. 219; *Lyman* v. *Lyman*, Id. 317; *Morrison* v. *Blodgett*, 8 N. H. 238; *Spencer* v. *Williams*, 2 Vt. 209; *Lowry* v. *Cady*, 4 Id. 504; *Allen* v. *Butler*, 9 Id. 122; *Smith* v. *Cudworth*, 24 Pick. 196; *Jones* v. *Church*, 12 Pick. 557; *Dewy* v. *Field*, Id. 381; *Bursley* v. *Hamilton*, 15 Pick. 40; *Dezell* v. *Odell*, 3 Hill, 215; *Decker* v. *Judson*, 16 N. Y. 439; 1 Seld. 422; *Mattoon* v. *Eder*, 6 Cal. 57 and cases cited; *Caulfield* v. *Bates*, 13 Id. 606; *Prader* v. *Purkett*, Id. 588; *Lowe* v. *Rockwell*, 1 Smith, Wis. 382; 8 Texas, 23; *Redfield* v. *Haight*, 27 Conn. 31; 3 J. J. Marshall, 164; 4 Id. 635; 4 Black. 553, 435; 8 Pick. 386; 63 Mon. 612; 1 Dana, 527; 4 Met. 381; 3 N. H. 299.)

2. The complaint need not set out the facts which authorize the issuing of an attachment. (*Slack* v. *Heath*, 4 E. D. Smith, 95; 16 Bar. 325; 2 E. D. Smith, 503; 3 Comst. 188; 6 Abbott, 243; 16 How. 120; 17 Id. 894; 3 Wend. 34; 17 Id. 57; 21 Id. 57.)

3. It was unnecessary to aver in the complaint that the property attached was the property of the defendant in the original suit, or that it was returned to him. Neither of these allegations were material. (Cases above cited.)

4. Nor was it necessary to aver that the property was delivered to the defendant upon the release of the attachment, because: 1st, it is not one of the conditions of the undertaking; a compliance with the condition is averred, exactly in accordance with the California cases, " that the property was released from the attachment;" 2d, it was not in the power of the plaintiff to return the property, or to cause it to be returned; that was the duty of the officer. By a dissolution of the attachment, the plaintiff ceased to have any control over the property. By such dissolution the lien was removed, and the right of possession on the part of defendant

McMillan *v.* Dana.

recurred; 3d, a return of the property is not required by the Practice Act as a condition of the undertaking. That only requires the property to be released; the release is to the damage of plaintiff, and is a good consideration for the undertaking. By secs. 136 and 137, Practice Act, the undertaking has to be delivered to the Court or Judge at the time the application is made, and as the consideration and inducement to the order discharging the writ. This order is operative forthwith upon the justification of the sureties if required. The attachment is dissolved, whether the property is returned or not; the plaintiff has lost his security, unless the undertaking is to take the place of the attachment.

Suppose the property is destroyed by act of God while the defendant is going for it, or the Sheriff suffers it to perish, whose loss is it in the first instance, and who shall bring an action for it in the last?

If the plaintiff should sue the Sheriff, upon what ground could he maintain his suit? The whole connection between the plaintiff and the property has entirely ceased. He has neither writ nor attachment to connect him with the property.

5. Appellant is entitled to judgment on the pleadings.

*Heydenfeldt*, also for Appellant, argued the case orally.

*Eugene Casserly*, for Respondents.

I. The undertaking sued on, being a purely statutory obligation, has no force outside of the statute. Hence the complaint is defective in failing to show that it was taken in an action and under circumstances in which by the statute it could have been taken.

As a foundation for such an undertaking, the complaint should show an action pending in which an attachment might lawfully have issued, and next the due issuance and levy of such attachment.

The writ of attachment being a special remedy, in a specific and exceptional case, issued by a ministerial officer, the rules of pleading in cases relying on a right derived under a special jurisdiction apply strictly. (*People* v. *Koeber*, 7 Hill, 39, 41–43 and cases cited; *Cornell* v. *Barnes*, 7 Id. 35, 37 and Reporter's note 37–39; *Lawton* v. *Erwin*, 9 Wend. *237; *Dakin* v. *Hudson*, 6 Cow.

*221, 224–5; *People* v. *Brown*, 23 Id. 47, 48–9; *People* v. *Germond*, 1 Hill, 343, 344, 345–6; *Broadhead* v. *McConnell*, 3 Barb. 175; 182, 183–6, discussing the cases; Acc. *Cadwell* v. *Colgate*, 7 Id. 253, 258–9; 2 Chitty's Pl. 457–460; 3 Burrill's Practice, 275–7; 3 Stephens' Nisi Prius, 2509, 2511; 2 Saund. Pl. & Ev. 797; 3 Wend. 54–5, 58; 4 Id. 616–618; 4 M. & Selw. 120, 126; 3 Id. 180–1; 1 Bos. & P. 381, note; 3 Chitty's Pl. 1088, 1089; 1 Salk. 409 and cases; 3 Denio, 47–8; 1 Saund. 296, 296a, note *b;* 3 Denio, 567, 570, 572.)   So also is the analogous distinction between pleading a right under a general estate in land, and a right under a limited or special estate.   (Stephen's Pl. *306, *308–9, sec. 4, rule 5.)

The distinction is decisive between the rule of pleading in an action like the present, and that in an action on an obligation founded on a writ or a proceeding which is of course in a general class of cases, or by the Court or Judge exercising a general jurisdiction, or on an obligation which is valid on its face.   As for instance on an undertaking on an appeal, or for an injunction, or on a bond good at common law.   In either of those cases very general allegations would be sufficient.   There is, also, a further distinction in the case of a suit brought upon an obligation given voluntarily by a party plaintiff to initiate a special proceeding, or at least concurrently therewith or with the act of the officer—as an undertaking by the plaintiff for an attachment, for a replevin of chattels, for an order of arrest, etc.   In such case it may well be that very general allegations would be sufficient against the party, or his sureties, who had invoked the special jurisdiction.

This class of distinctions explains and reconciles most of the reported cases, including nearly all the authorities quoted in appellant's brief.   (See Woodruff's opinion in 4 E. D. Smith, 97–107.)

II.   The complaint is fatally defective in not showing that upon the giving of the undertaking in question, the property attached was released and delivered to the defendant in the attachment.

The undertaking is merely executory and not binding, unless and until the express condition of it has been fully performed; that is, until an order has been granted discharging the attachment, and the property attached has been released from the attachment and

McMillan v. Dana.

delivered to the defendant. The condition and consideration form an entirety. If any part fails the whole fails, and the undertaking does not bind.

Suppose an undertaking signed and delivered to the Judge preparatory to obtaining the order, but the sureties on being required by the plaintiff, fail to justify, and the order is not granted; are the sureties bound, or does the undertaking go into effect in any way? In the case of bail bonds, where for any cause the sureties do not qualify, they are not liable upon the bond. (*Flack* v. *Eager*, 4 Johns. 185; *People* v. *Judges*, 1 Cow. 54; Id. 60; 2 Id. 514; *Palmer* v. *Melvin*, 6 Cal. 651; *Williamson* v. *Blatten*, 9 Id. 500; *Nickerson* v. *Chatterton*, 7 Id. 568; *Palmer* v. *Melvin*, 13 Id. 553, 556; 2 Chitty's Pl. 458; 4 Wend. 617, and authorities under point one.)

III. The defects of the complaint in the particulars mentioned are not supplied by the recitals of the undertaking set forth therein.

An action at law has two parts, the pleading and the proof, each of which must be sufficient or the action fails. The function of each is different, though the connection of both, in the progress of the action, is intimate. The pleading states the party's case according to certain established rules, so as to show a good and sufficient cause of action or defense. This it does without regard, as pleading, to the mode or substance of the proof, with which it has nothing to do. The function of proof is to make out, according to the rules of evidence, by fact what has been alleged in the pleading. Sometimes the proof consists wholly or partly of admissions of the adverse party, which may be of such a nature as to constitute an estoppel, and may also be a portion of the contract set up as the cause of action or defense. This estoppel, however, is a different thing from the consideration or the condition essential in law to support the contract; and though when proved upon the trial, it may establish the consideration or the condition by rendering the denial of it impossible, its existence, or even its allegation (which is mere surplusage) in the pleading, does not dispense with the due allegation of the consideration or the condition essential in law, to the validity and legal operation of the contract.

This distinction explains and disposes of the cases in appellant's

brief on this point. Almost without an exception they are decisions as to the effect in proof on the trial, by way of estoppel, of recitals and allegations in the written contracts sued on, and do not even remotely refer to the present question, which is one of pleading. None of them sustain the doctrine contended for, that incorporating an instrument in a complaint is equivalent to alleging the facts contained in the recitals in such instrument. And in *Palmer* v. *Melvin* (6 Cal. 651) it was held that the recitals in an undertaking to discharge an attachment, though set forth in full in the complaint, avail nothing to supply the omission to allege a consideration. Construing them most favorably for the appellant, the only effect of the recitals in the undertaking is to allege that the parties to it (respondents) admitted conclusively the facts therein recited. This never was good pleading. (*Stansbury* v. *Arkwright*, 6 Simons, *481, *485, Eng. Ch.)

IV. Appellant is not entitled to an affirmative judgment in his favor on the pleadings. Respondents wish to be heard on the merits of the controversy, and if necessary for that purpose, to amend their answer so as to have all the facts before the Court. (*Ord* v. *Uncle Sam*, 13 Cal. 369.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The plaintiff brought suit upon this undertaking.

" *Robert McMillan* v. *Garret N. Vischer.*

" Whereas, the above named plaintiff has commenced an action in the aforesaid Court against the above named defendant for the recovery of six thousand four hundred dollars, and whereas an attachment was duly issued and served, as will more fully appear by the Sheriff's return on the process in said case.

" Now, therefore, we the undersigned residents of the city and county of San Francisco, in consideration of the premises, and in consideration of the release from attachment of the property attached as above mentioned, do hereby jointly and severally undertake in the sum of twelve thousand and eight hundred dollars, and promise to the effect that if the plaintiff shall recover judgment in such action, we will pay to the plaintiff, upon demand, the amount

of said judgment, together with the costs, not exceeding in all the said sum of twelve thousand eight hundred dollars.

Dated at San Francisco this eighth day of December, 1857.

(Signed)                                              WM. A. DANA,

IRA P. RANKIN."

The complaint avers that after the execution and approval by the Court of this paper, and in consequence and consideration of such undertaking, the said property and moneys so attached were released from said attachment, " as by the order of said Court, made by the Judge thereof, and filed in said Court." The order of the Court is set out, which releases and discharges the property attached from the attachment.

The Court on the trial granted a nonsuit, upon the ground, it seems, that there was no averment in the complaint that the property attached was actually released and delivered to the defendant. The undertaking has the same effect, and is to be construed in the same way as if it were a bond making the same recitals. The mere fact that the statute does not require a seal to the paper evidencing the obligation in this class of instruments, does not require us to give them a different character or construction from those executed under the old practice, which were technically writings obligatory.

The recitals are conclusive of the facts stated. They show a consideration for the promise, and the obligation of the parties upon that consideration. In the present instance, the defendants promise, in consideration of the release of the property from the attachment, that in the event of a recovery of the judgment by the plaintiff, they will pay the amount of the judgment. The complaint avers that this property was released by order of the Judge, and the order of release is set out. The object of giving the undertaking was to procure this release, and this release was had in consequence of the undertaking; and the consideration of the undertaking therefore is the release so procured. In consideration of this release, the obligors agree to pay the judgment. Whether the property was redelivered to Vischer or not, was wholly immaterial. The plaintiff in attachment, after the giving of the undertaking and the order of the Judge, had no further claim on it.

Nor does it matter whether the property was subject to attachment or not. That matter cannot be tried in this collateral way. It is enough that the plaintiff had this property levied on as subject to his debt, and that these sureties procured its release upon the stipulation that, in consideration of such release, they would pay the amount of the judgment to be recovered by the plaintiff in the attachment suit. Nor was any proof necessary of the preliminary proceedings connected with or preceding the levy; for these defendants admit the levy of the attachment on this property, and this is enough. For these propositions see the authorities cited by the appellant.

The answer does not seem to present a defense to the action; but we think we cannot order judgment here, for there seems to have been no trial below, and we cannot know what course the defendants would have taken, by amendments or otherwise, by way of defense to plaintiffs' action.

Judgment reversed and cause remanded.

FIELD, C. J.—I dissent from the judgment. I am of opinion that the complaint is fatally defective in not showing affirmatively that the writ issued in a proper case under the statute, and upon proper proceedings before the Clerk. The writ is a special remedy, allowed only in specific cases, and is issued by a ministerial officer, and I am unable to perceive why the rules of pleading in cases where a right is asserted from a special jurisdiction, do not apply. (See cases cited in Respondents' Brief.)

On petition for rehearing, BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

The petition for a rehearing is refused.

1. The expressions of the opinion are to be limited to the case before the Court. When we spoke of the effect of an undertaking as similar to that of a bond, we spoke, of course, of an undertaking taken in pursuance of the statute—for it was of a statutory undertaking that the observations were made. The record presented the question upon the complaint, which averred that the undertaking was made after an attachment, upon the order of the Judge.

McMillan *v.* Dana.

Whether a mere formal variation from the regular statutory course would make any difference in the rule, it is not necessary to determine; for no point was made or fact alleged as to such variation.

2. We think that it does not rest with the defendants to say that the property attached, if any was, was not subject to levy; for the condition is to answer the judgment; and no collateral inquiry can be made as to the fact of the levy or of the property being subject to it.   This has been often decided in the case of forthcoming bonds in several States of the Union.   It is not uncommon in Kentucky, Virginia and Alabama to give bonds for the delivery of property merely fictitious in order to stop the execution of a *fi fa;* but it has been held that the parties executing the bond were stopped to deny that the property was levied on and subject to levy. The condition here is, that the obligors will pay the judgment in consideration of the discharge of the attachment; and if the undertaking be regular it is not at all important whether the property be leviable or not; for by the contract the parties have bound themselves to pay in an event independent of all considerations of this sort.

3. What we said in reference to the conclusive effect of the recitals, was upon the hypothesis that this was a statutory undertaking; and to that opinion we adhere.   The question fairly arose upon the pleadings, and our judgment upon that matter remains unaltered.

4. We said nothing as to the effect of the plaintiff's conduct in interfering with the release of the property by the Sheriff; and if any matters of defense of this sort exist, the defendants can still insist on it.

The Court below may grant on the return of the cause, any proper amendments to the pleadings that may be necessary to present the case fairly on the merits.   And we here remark that under the liberal provisions of our Practice Act, Courts should allow amendments with great liberality at any stage of the proceedings before trial, when required—seeing that no injurious delays are occasioned, and that the matter of the amendment is essential to a fair trial on the legal merits of the case.