[No. 11489. In Bank. — December 29, 1888.]

E. R. MUDGE ET AL., RESPONDENTS, *v.* ISRAEL STEINHART ET AL. WILLIAM SCHOLLE, APPELLANT.

ATTACHMENT — VALIDITY OF WRIT — COLLATERAL ATTACK. — A writ of attachment in this state is purely the creature of statute, and if issued in an action not based upon a contract express or implied is void, and may be collaterally attacked.

ID. — WRIT CANNOT ISSUE IN ACTIONS FOR TORT — PUBLICATION OF SUMMONS — NON-RESIDENT DEFENDANT — JURISDICTION IN REM. — A writ of attachment issued in an action sounding in tort does not confer jurisdiction *in rem* over the property of a non-resident defendant who is served with summons by publication.

ID. — JUDGMENT BY DEFAULT — RELIEF DIFFERENT FROM PRAYER OF COMPLAINT CANNOT BE GRANTED. — A judgment by default which grants relief other and different from that prayed for in the complaint and specified in the summons is improper.

ID. — DEPOSIT OF SUMMONS IN POST-OFFICE — PLACE OF DEPOSIT. — In serving summons by publication, the deposit of the copy of the summons and complaint may be properly made in the post-office at the place where the attorney for the plaintiff resides and has his office, although the order for publication was made at a different place.

ID. — AMENDED COMPLAINT TO BE DEPOSITED. — Where the complaint has been amended prior to the order for publication, the amended, and not the original, complaint should be deposited in the post-office.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*McAllister & Bergin,* and *W. B. Sharp,* for Appellant.

The attachment, not having been issued in an action authorized by statute, was void (Code Civ. Proc., sec. 537; *Pope* v. *Hibernia Ins. Co.,* 24 Ohio St. 485; *Babcock* v. *Briggs,* 52 Cal. 503; *Ramirez* v. *Murray,* 5 Cal. 222; *Hackett* v. *Bank of California,* 57 Cal. 336; *Eck* v. *Hoffman,* 55 Cal. 502; *Walker* v. *McCusker,* 65 Cal. 361); and could not operate to give the court jurisdiction *in rem* over the property attached. (*Pennoyer* v. *Neff,* 95 U. S. 722; *Hart* v. *Sansom,* 110 U. S. 151; *Freeman* v. *Alderson,* 119 U. S. 188; *Clark* v. *Hammett,* 27 Fed. Rep. 339; *Anderson* v. *Goff,* 72 Cal. 69; *Belcher* v. *Chambers,* 53 Cal. 636.)

*William Matthews,* for Respondents.

SEARLS, C. J.    This is an appeal by William Scholle, one of the defendants, from a final judgment in the above-entitled cause, subjecting certain real property, situate and being in the city and county of San Francisco, to sale, to satisfy claims of the several firms, and a corporation composing the parties plaintiff.

Defendant Scholle, the appellant, was, at the date of the complaint, a non-resident of the state of California, and a resident of New York City, in the state of New York. The summons was served upon him by publication, and no answer having been filed by or for him, judgment was taken by default.

It appears from the judgment that certain real property of appellant in the city and county of San Francisco had been, before the service of summons, attached to satisfy the demands and costs of the plaintiffs in the action, and the extent of the judgment, as against appellant, is to decree this real property to be sold to satisfy the amount found due from him to the plaintiffs.

Various objections are urged by appellant to the

validity of the judgment, among which are: 1. That
the relief granted by the court is other and different
from that prayed for in the complaint; 2. That as
against appellant there was no proper service of sum-
mons, by publication or otherwise; 3. That the case
was not one in which a writ of attachment could issue,
and as this was the only basis of jurisdiction against
appellant, the judgment cannot be upheld.

As the last-named objection seems the most important,
we will consider it first.

The allegations of the amended complaint, the prayer
for judgment, and facts as to service of summons essential
to an understanding of the foregoing points, may be
stated thus:—

The firm of Feist, Frank, & Co., composed of Adolph
Feist, Abraham Frank, Jacob Levy, and Israel Steinhart,
were engaged in business in San Francisco, and, as such
firm, purchased goods, wares, and merchandise from the
several firms, etc., the plaintiffs herein, all of whom were
New York merchants. Being largely indebted for goods
thus purchased, the firm of Feist, Frank, & Co., for the
purpose of cheating and defrauding their creditors by
collusion with appellant and the other defendants herein,
and without consideration, made a large number of
promissory notes for various large sums of money to
various persons, who conspired with them to accomplish
the result in view.

Numerous actions were instituted in this state against
Feist, Frank, & Co., among which was one by appellant
and others, upon eight of said pretended and fraudulent
promissory notes, for the sum of $24,124.42, in which
action a writ of attachment issued, and was levied upon
the property of Feist, Frank, & Co. Judgment was ob-
tained by appellant and his associates, an execution
issued, under which property of the value of two hun-
dred thousand dollars was sold, and purchased by the
appellant, in the name of one of the other defendants.

Plaintiffs had obtained judgments against the firm of Feist, Frank, & Co., who are insolvent, before the institution of this action.

The amended complaint herein contains full and· ample charges of fraud on the part of appellant, whereby, as is averred, he obtained large sums of money from the firm of Feist, Frank, & Co., and contains most of the essential allegations of a creditor's bill.

An order was made by the supreme judge of Santa Clara County, on the fifteenth day of February, 1884, directing the service of summons as against appellant, by publication, and directing a copy thereof, and of the complaint, to be forthwith deposited in the post-office, directed to appellant at New York City, etc. An amended complaint had been before that time filed, a copy of which, with the copy of summons, was on the same day, viz., February 15th, deposited in the post-office at San Francisco, the place of residence of plaintiff's attorney, directed to appellant, etc., as by the order required.

The appellant, being a non-resident of the state of California, and not having been served with summons except by publication, and not having appeared in the action, we must, in order to uphold the judgment, be able to see that the appellant had property in this state which was brought within the control of the court, and subjected to its jurisdiction by process adapted to that purpose, or that the judgment was sought as a means of reaching such property.

Recurring to the complaint, we find respondents sought by the allegations and prayer to obtain a personal judgment against appellant, and to subject to the satisfaction of that judgment certain real property in Santa Clara County, averred to have been purchased with the fruits of appellant's fraudulent acts. In this respondents failed, and their judgment only decreed the sale of a lot of land in San Francisco, which had been levied upon

and brought within the jurisdiction of the court, under a writ of attachment issued in the cause.

The contention of appellant is, that inasmuch as the action is clearly one in tort, and not founded in contract, express or implied, the attachment was improperly issued, and that its levy created no lien which the court could enforce.

In discussing the jurisdiction of the court over property of non-residents not personally served, the supreme court of the United States, in *Cooper* v. *Reynolds*, 10 Wall. 319, used the following language:—

" Now, in this class of cases, on what does the jurisdiction of the court depend ? It seems to us that the seizure of the property, or that which in this case is the same in effect, the levy of the writ of attachment on it, is the one essential requisite to jurisdiction, as it unquestionably is in proceedings purely *in rem*. Without this, the court can proceed no further; with it, the court can proceed to subject that property to the demand of the plaintiff. If the writ of attachment is the lawful writ of the court, issued in proper form under the seal of the court, and if it is by the proper officer levied upon property liable to the attachment, when such a writ is returned into court the power of the court over the *res* is established."

This language has been quoted and approved in many of the cases which have followed it, including *Pennoyer* v. *Neff*, 95 U. S. 714.

The question presented for consideration is, Was the writ of attachment in this case *the lawful writ of the court ?*

An appeal lies from an order dissolving, or refusing to dissolve, an attachment (Code Civ. Proc., sec. 963); hence irregularities, merely, in its inception, or as to its form, cannot be considered here, being subjects of direct attack by such appeal.

This may be regarded as a collateral attack, which

can only be sustained for causes which render the writ absolutely void, and not merely voidable. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

With the antiquity and scope of writs of attachment as they existed in the lord mayor's court of London, we have nothing to do.

In this state the writ depends for its force upon the statute, and being merely a statutory provision, it can have no force except in the cases provided by the statute.

Under section 537 of the Code of Civil Procedure, the writ can only issue "in an action upon a contract, express or implied." (*Walker* v. *McCusker*, 65 Cal. 360.)

The existence of a contract, express or implied, is an essential basis without which no writ of attachment can properly issue, and as in this case the action was founded, not upon contract, but upon the fraud and wrongful acts of the defendant, we are of opinion the writ of attachment issued therein was absolutely void, and cannot be invoked to uphold the jurisdiction of the court.

In such a case the writ cannot be said to be *the lawful writ of the court.*

The rule as enunciated by this court in *Belcher* v. *Chambers*, 53 Cal. 635, and in the cases cited *supra*, may be stated thus:—

1. A personal judgment of a state court against a non-resident who has not been personally served, and who has not appeared in the action, is without validity.

2. The state, having within her territory property of a non-resident, may hold and appropriate it to satisfy the claims of her citizens against him, and her courts may inquire into his obligations to the extent necessary to control the disposition of such property; and in such a case service of summons by publication, or other form authorized by the law of the state, is sufficient to inform the non-resident of the object of the proceedings, provided the court obtains jurisdiction of the property by

seizure, or some equivalent act, *in rem*, or in the nature of a proceeding *in rem*, the object being to enforce proceedings against the property.

Manifestly, as we think, the process by which jurisdiction over the property is obtained must be one known to the law, as, for instance, by direct proceedings to declare and enforce a lien upon the property, or in a case warranting a writ of attachment, by such writ, etc. In the present case we may suppose the object of the action was to follow up and enforce a lien upon the real estate in Santa Clara County, and that to that extent the court acquired jurisdiction to act, but, failing in that, it does not follow that respondents could resort to a writ of attachment, and thus confer jurisdiction upon the court to condemn other property, and that in a case where a writ of attachment could not under any circumstances properly issue.

As to the other objections, it may be said briefly that the relief granted, being other and different from that prayed for in the complaint and specified in the summons, was improper.

" The relief granted to the plaintiff, if there be no answer, cannot exceed that which shall have been demanded in the complaint." (Code Civ. Proc., sec. 580.)

The deposit of the summons and complaint in the post-office at San Francisco, where the attorney for plaintiffs resided and had his office, instead of the post-office at San José, where the order of publication was made, was not improper, and the amended complaint, which took the place of the original, and was the existing pleading on the part of plaintiffs, was the proper pleading to deposit under the order.

The judgment of the court below is reversed, and the cause remanded.

Thornton, J., McFarland, J., Paterson, J., and Sharpstein, J., concurred.

Rehearing denied.