[Sac. No. 790.   Department Two. — November 18, 1901.]

JOHN McCORMICK, Respondent, v. NATIONAL SURETY COMPANY, Appellant.

FINDING — CONSTRUCTION — GENERAL AND SPECIAL FINDING. — A general finding that certain averments of the complaint are true will be controlled by a special finding inconsistent with such general finding.

BOND TO RELEASE ATTACHED PROPERTY — JUDGMENT IN FAVOR OF OWNER AND AGAINST CO-DEFENDANT — LIABILITY OF SURETY. — Under our statute, the condition of a bond given to release attached property requires the redelivery thereof to the sheriff, if the plaintiff recovers any judgment in the action, notwithstanding it appears that judgment was rendered in favor of the owner of the attached property, and against a co-defendant who had no interest therein; and in default of such redelivery, a surety on the bond is liable to pay the full value of the property to the plaintiff, not exceeding the amount of such judgment.

ID. — OWNERSHIP OF ATTACHED PROPERTY IMMATERIAL TO SURETY. — The actual ownership of the property attached is no concern of a surety on the bond to release the attachment. Whether it belongs to a third party, or for any legal reason is subject to attachment, is a question to be litigated between the plaintiff and the adverse claimant, and does not affect the express covenant of the surety to restore the property.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Chickering, Thomas & Gregory, and J. J. Burt, for Appellant.

·  Louttit & Middlecoff, for Respondent.

McFARLAND, J.— Action against surety on a statutory undertaking given for the purpose of having an attachment discharged pursuant to sections 554 and 555 of the Code of Civil Procedure. Judgment went for plaintiff in the court below, and from the judgment and an order denying a new trial defendant appeals.

The plaintiff herein brought a former action against the Stockton and Tuolumne County Railroad Company, a corporation, and its president, Annie Kline Rikert, to recover from them $5,710, with interest, etc., on a written contract for the direct payment of money, etc., alleged to have been made by both the defendants therein; and in said action he procured a writ of attachment, which was levied on certain steel rails and fittings as the property of said defendants. Afterwards, the defendants therein procured an order releasing said attached property upon the execution of an undertaking in the sum of seven thousand dollars. Such undertaking was executed by the National Surety Company, defendant in the present action, and said property was thereupon released. The said former action was thereafter brought to trial, and a judgment was rendered against one of the defendants therein—Mrs. Rikert—for $6,282.49, together with interest, costs, etc., but plaintiff therein failed to obtain any judgment against the other defendant, the Stockton and Tuolumne County Railroad Company, and the latter had judgment for costs. Thereafter, the defendant in this present action and the defendants in the former action refused to return any part of said attached property, or to pay said judgment, or any part thereof. The attached property was of the value of seven thousand dollars, and the judgment herein is for less than that amount.

A general finding of the court that certain averments of the complaint were true included the fact that the attached prop-

erty belonged to both the defendants in the former action; but there was a special finding that it belonged to the defendant the said railroad company alone, subject to certain liens, and that the defendant Rikert had no interest therein. Appellant's contention that the special finding must prevail is correct, and this appeal must be determined upon that theory.

Appellant makes some minor contentions, which we do not think maintainable, and which need not be specially noticed. Defendant's main contention is, substantially, that the judgment is erroneous because in the former action no judgment was obtained against the defendant therein to whom the attached property belonged; but this contention cannot be maintained.

The undertaking on which this action is based recites the pendency of said former action, and the issuance of the attachment, its levy on said property, the application of the defendants therein to have the attached property released under section 554 of the Code of Civil Procedure, the fixing of the amount of the undertaking by the court, and all other preliminary steps; and it provides that the National Surety Company, "in consideration of the premises, and in consideration of the release from attachment of the property attached as above mentioned, and the discharge of said attachment, does hereby undertake in the sum of seven thousand dollars, and promises that in case said plaintiff *recover judgment in said action*, the defendants will, on demand, redeliver said attached property so released to the proper officer, to be applied to the payment of the judgment, and that in default thereof the said defendants and surety will, on demand, pay to the said plaintiff the full value of the property released, not exceeding the sum of seven thousand dollars." The form and substance of the undertaking are in strict conformity with the provisions of the code. It is a statutory undertaking, and its direct and express covenants are, that the things promised shall be done if the plaintiff in the action shall "recover judgment in said action." There is no condition in it that plaintiff shall recover judgment against all of those who are made defendants; a judgment against any one or more of the defendants is sufficient. (*Heynemann* v. *Elder*, 17 Cal. 433; *McCutcheon* v. *Weston*, 65 Cal. 37.) In the latter case the court say: "The point that judgment was recovered against one of the defendants, only, in the attachment suit is not well taken. The action was against

two, and the undertaking was to pay 'if the plaintiff shall recover judgment in said action.' Why judgment was recovered against one only we are not informed, but the court had power to render such judgment, and it was rendered in that action." In *Poole* v. *Dyer*, 123 Mass. 363, the court said: "The result, so far as the sureties are concerned, is the same, whether the plaintiff discontinues against one of the defendants, or fails to recover against him upon trial."

The actual ownership of the property attached is no concern of the surety. He can meddle with such property and remove it beyond the reach of the attaching creditor only by undertaking that if the plaintiff recover judgment in the action, it— the identical property attached and released—shall be restored to the attaching officer. Whether it belongs to a third party, or for any reason is not legally subject to the attachment, is a question to be litigated between plaintiff and the adverse claimant, and in no way affects the surety's express covenant to restore. In a similar case (*McMillan* v. *Dana*, 18 Cal. 339) the court says: "Nor does it matter whether the property was subject to the attachment or not. That matter cannot be tried in this collateral way. It is enough that the plaintiff had this property levied on as subject to his debt, and that the sureties procured its release upon the stipulation that in consideration of such release they would pay the amount of the judgment to be recovered by the plaintiff in the attachment suit." In Drake on Attachments (sec. 339) the above rule is fully stated, with abundant citations of authorities to the point; and it is there said,—speaking of sureties on an undertaking for the release of property attached,—"they undertook to have it forthcoming, and it is their duty to comply with their obligation and leave it to the plaintiff in the attachment and the claimant of the property to litigate their rights; not to take it out of the possession of the plaintiff and put it into that of an adverse claimant, and thus excuse themselves for a breach of their covenant."

Complaint is made of the hardship of taking the property of the railroad company to satisfy a judgment against its president, Mrs. Rikert. Whether, considering the relations between the railroad company and its president, and their connection with the railroad and the ownership of the attached property, this alleged hardship is meritorious or merely founded

on technical advantages need not be inquired into. The appellant, the surety company, has no concern with that matter; its duty was to restore the property. What should be done with it after its restoration was a question between the plaintiff and the railroad company, and in no way affects the covenants of the undertaking executed by appellant.

In answer to some of the authorities from Massachusetts cited by respondent, appellant calls attention to the fact that there one of several defendants may, by statutory provision, have his individual property released from attachment upon an obligation to restore it to satisfy any judgment against *him;* but we do not see how that fact at all helps appellant in the case at bar. That provision may be a just one; but we have no such statute, and the rights of the parties to this action must, of course, be determined by the statutory provisions of this state touching the matter here involved.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.