[L. A. No. 13436. In Bank.—August 1, 1932.]

MAURICE T. L. KOEHLER, Respondent, v. J. H. SERR et al., Appellants.

A. P. G. Steffes, Frank T. Hennessey, Vernon L. Ferguson and John L. Shaffer for Appellants.

Michael F. Shannon and Thomas A. Wood for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action to recover on an undertaking given to prevent an attachment.

The undertaking recited the commencement of an action by the plaintiff against Leonards & Company to recover the sum of $14,748.30; the issuance of a writ of attachment in that action and the desire of the defendant Leonards & Company to prevent the levy of the same. The sureties on the bond to prevent the attachment, who are the defendants herein, "in consideration of the premises and to prevent the levy of said attachment", undertook and promised that "if the plaintiff shall recover judgment in said action against Leonards & Company" they will pay to the plaintiff on demand the amount of the judgment not exceeding the sum mentioned. In the attachment suit the plaintiff recovered judgment against the defendants therein including Leonards & Company in the sum of $10,910.90, with interest.

In the present action the defendants interposed defenses on two theories: First, that the attachment proceedings were illegal and void and the bond given to prevent such an attachment was therefore a nullity. Second, that the judgment in the attachment suit was not recovered on the cause of action upon which the attachment was issued. The trial court rejected these defenses and rendered judgment against the sureties on the bond, from which judgment this appeal is taken. The only question presented is whether the defendants should have prevailed on either of said defenses.

On the trial the judgment-roll in the attachment suit was introduced in evidence. The complaint in that action alleged four causes of action. The first was a common count for money had and received in the sum of $14,748.30. The second was for the conversion of 10,000 shares of stock of Comstock Silver Mining Company and cash in the sum of $1750, of a total value of $9,950. The third charged the conversion of the sum of $2,010.90 paid by the plaintiff as the purchase price of stock which he never received; and the fourth was for the conversion of shares of stock and cash of the total value of $2,450. The prayer was for the recovery of the sum of $14,748.30 with interest.

The defendants contend that the plaintiff's real grievance in that action was founded in tort and not on a contract for the payment of money, as provided by section 537 of the Code of Civil Procedure; that the attachment proceedings were void and that there was therefore no consideration for the undertaking.

The question for determination is whether the rule stated in *Passow & Sons* v. *United States F. & G. Co.*, 177 Cal. 31, 37–40 [170 Pac. 1124, 1127], consistently applied in this state (see *McMillan* v. *Dana*, 18 Cal. 339; *Smith* v. *Fargo*, 57 Cal. 157; *Pierce* v. *Whiting*, 63 Cal. 538, 540; *McCormick* v. *National Surety Co.*, 134 Cal. 510 [66 Pac. 741]; *Bailey* v. *Aetna Indemnity Co.*, 5 Cal. App. 740 [91 Pac. 416]; *Tormey* v. *McIntosh*, 43 Cal. App. 411 [184 Pac. 1012]; *Heine* v. *Wright*, 76 Cal. App. 338 [244 Pac. 955]; *Barrios & Co.* v. *Indemnity Ins. Co.*, 101 Cal. App. 675 [282 Pac. 386]; 3 Cal. Jur., p. 532; see, also, 2 R. C. L. 890, 891), is applicable to the facts here presented, or whether the case is controlled by the holding in *Mudge* v. *Steinhart*, 78 Cal. 34 [12 Am. St. Rep. 17, 20 Pac. 147],

146

and *Pacific Nat. Bank* v. *Mixter*, 124 U. S. 721 [31 L. Ed. 567, 8 Sup. Ct. Rep. 718].

█ *Stone* v. *Superior Court*, 214 Cal. 272 [77 A. L. R. 743, 4 Pac. (2d) 777], and similar cases (*San Francisco Iron & Metal Co.* v. *Abraham*, 211 Cal. 552 [296 Pac. 82]; *Willett & Burr* v. *Alpert*, 181 Cal. 652 [185 Pac. 976]; *Hallidie* v. *Enginger*, 175 Cal. 505 [166 Pac. 1]; *Powers* v. *Freeland*, 114 Cal. App. 146 [299 Pac. 736]) are cited by the defendants as supporting their contention that the attachment proceedings in the action of *Koehler* v. *Leonards & Company* were void. The defendants may not rest content with the assertion that the attachment proceedings need be shown to be merely voidable in order to support their contention that they are not liable on the bond. The case of *Passow & Sons* v. *United States F. & G. Co., supra,* and cases to like effect, hereinbefore cited, show the lack of any merit in that contention. Therefore, in order to avoid the application of the rule in those cases the defendants must show in a proper proceeding that the attachment proceedings in the case of *Koehler* v. *Leonards & Company* were void and a nullity from their inception. (See *Mudge* v. *Steinhart*, 78 Cal. 34 [12 Am. St. Rep. 17, 20 Pac. 147].) They urge that the case of *Stone* v. *Superior Court, supra,* so determined. But that case involved, not a collateral attack as in the present case, but a direct attack upon the order discharging the attachment. There the plaintiff had joined with her cause of action for damages for fraud and deceit a common count for money had and received. On the ground that the cause of action sounding in tort was the true basis of the plaintiff's right to recover in that action, it was determined that the defendants were entitled to have the writ of attachment discharged. The other similar cases relied upon by the defendants also involved a direct attack on the attachment proceedings and the necessity of determining whether the attachment proceedings were void or merely voidable was not presented.

The case of *Passow & Sons* v. *United States F. & G. Co., supra,* was an action upon an undertaking given to release an attachment. The defense interposed was that the averment in the affidavit in support of the attachment, that the debt was not secured by a lien, was false. There it was said: "No attack was made upon the attachment by Bow-

man [the defendant] in the main action. Instead of moving that it be dissolved on the ground that the affidavit that the debt was not secured by a lien was false, he procured the exemption of his property from the levy by giving the undertaking here sued on. In this condition of affairs the present defendant executed the undertaking sued on. It must be presumed to have accepted the conditions then existing as the measure of its rights, and to have executed the undertaking with that understanding. The principle is settled in this state that a surety upon an undertaking given under section 540, to release an attachment, cannot interpose the objection, in a suit upon such undertaking, that the property attached, if any, was not subject to levy, or that the attachment was irregularly issued because of a false affidavit filed by the plaintiff to procure it. In *McMillan* v. *Dana,* 18 Cal. 349, the court said of such an undertaking, that the sureties promise, 'in consideration of the release of the property from the attachment, that in the event of a recovery of the judgment by the plaintiff, they will pay the amount of the judgment. . . . The object of giving the undertaking was to procure this release, and this release was had in consequence of the undertaking; and the consideration of the undertaking, therefore, is the release so procured. In consideration of this release, the obligors agree to pay the judgment. Whether the property was redelivered to Vischer or not was wholly immaterial. . . . Nor does it matter whether the property was subject to attachment or not. That matter cannot be tried in this collateral way. It is enough that the plaintiff had this property levied on as subject to his debt, and that these sureties procured its release upon the stipulation that, in consideration of such release, they would pay the amount of the judgment to be recovered by the plaintiff in the attachment suit. Nor was any proof necessary of the preliminary proceedings connected with or preceding the levy; for these defendants admit the levy of the attachment on this property, and this is enough.' On petition for rehearing the court said that 'by the contract the parties have bound themselves to pay in an event independent of all considerations of this sort', referring to the fact that they had bound themselves to pay the judgment in consideration of the discharge.'' The court reviewed

other previous decisions in this state as supporting its decision and concluded: "In view of these authorities we are of the opinion that the defendant here is not in a position to complain of the conduct of the plaintiff in bringing the action upon a debt which was previously secured by some sort of lien upon property which he might have enforced instead of waiving it and bringing suit for the debt. The surety must be presumed to have been aware of the facts and to have made its contract accordingly. It was an unconditional agreement to pay the amount of the judgment when rendered."

The doctrine of the Passow and like cases is controlling here. The consideration for the undertaking in the present case is, as recited therein, the prevention of the levy of the writ of attachment, and supports the promise on the part of the defendants as sufficiently as the promise to release the attachment in the Passow case. If, on collateral attack, the fact that the affidavit is false as to the unsecured status of the debt is no defense, then the falsity of the affidavit as to the true character of the plaintiff's cause of action as disclosed by the proof can be no defense, where, as here, the allegations of the complaint and the averments of the affidavit are *prima facie* sufficient. If the defense is good in the one case, it should be good in the other.

In *Pacific Nat. Bank* v. *Mixter, supra,* an attachment against the property of national banks was involved. Such an attachment was expressly prohibited by statute and it was held that the attachment proceedings were on that account void and ineffective for any purpose because issued without any authority of law. As to the present case, there is authority of law for the attachment if the action counts upon a contract, express or implied, for the payment of money, based upon an affidavit reciting those facts; and we are of the view that the truth or falsity of such recitals cannot be tried in an independent action to recover upon the undertaking given to prevent or release such an attachment. In other words, as applied to the present case, the attachment proceedings in the former action were voidable only and are beyond inquiry on collateral attack. If it be deemed that the Mixter case is inconsistent with the language contained in the opinion of the Passow case, we

must conclude that nevertheless the latter controls the present case.

Nor is the case of *Mudge* v. *Steinhart, supra,* opposed to this view. The action in *Koehler* v. *Leonards & Company* was *in personam,* wherein the court without question had jurisdiction of the parties and the subject matter. The case of *Mudge* v. *Steinhart, supra,* was an action *in rem,* wherein the jurisdiction of the court depended on the validity of the attachment proceedings. Here the question whether the plaintiff's grievance in the action of *Koehler* v. *Leonards & Company* was based on contract or tort was a matter not of jurisdiction but of evidence as to which the complaint upon which the attachment was based was an important but not a conclusive factor. (*San Francisco Iron & Metals Co.* v. *Abraham,* 211 Cal. 552 [296 Pac. 82].)

The defendants further contend that said undertaking was issued only upon the first cause of action stated in the complaint in the case of *Koehler* v. *Leonards & Company* and that as the court in that action made no findings upon the issues raised by the first cause of action, they are not liable on the undertaking. A complete answer to this contention is that the undertaking is not so limited. The defendants undertook and promised that if the plaintiff shall recover judgment "in said action" against the defendant, Leonards & Company, they will pay to the plaintiff the amount of said judgment. The words "in said action" must be taken in their ordinary meaning, unless otherwise expressly limited, and when so considered they refer to "the right or power to enforce an obligation", and the complaint, comprising all of the counts or causes of action therein set out, is a statement of the nature of the obligation or obligations sought to be enforced in the action. (See *Frost* v. *Witter,* 132 Cal. 421 [84 Am. St. Rep. 53, 64 Pac. 705].)

The judgment is affirmed.

Waste, C. J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Tyler, J., *pro tem.,* concurred.

Rehearing denied.