[Civ. No. 9841. Second Appellate District, Division Two.—April 19, 1935.]

JOHN S. KREIDER, Appellant, v. AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Respondent.

Chas. L. Nichols and Carleton B. Wood for Appellant.

Mathes & Sheppard and J. Stanley Mullin for Respondent.

FRICKE, J., *pro tem.*—Action on an undertaking to release property seized under a writ of attachment in an action by appellant against California Thorn Cordage, Inc. Several days after the release of the property by the sheriff after his receiving the undertaking the trial court, on motion, made an order discharging the attachment and ordering the release of the attached property. This order was evidently made upon the ground that the statement in the affidavit for attachment, that the note sued on was not secured, was false and directly contradicted by the allegations of the complaint, which showed affirmatively that the note was secured by the pledge of personal property. Plaintiff recovered judgment on the note for $6,316.99 and

attorney's fees, and on execution being returned unsatisfied brought this action, which upon trial resulted in the judgment for respondent from which this appeal is taken.

Appellant claims it was error for the trial court to find that the writ of attachment was void, and places his chief reliance upon *Koehler* v. *Serr*, 216 Cal. 143 [13 Pac. (2d) 673, 89 A. L. R. 262]. In that case, also an action against sureties on a similar undertaking, there had been no discharge of the attachment in the previous action and, as specifically mentioned in the opinion, the complaint as well as the affidavit were *prima facie* sufficient to support the issuance of the writ of attachment. There is an obvious difference between a case in which the absence of a basis for the issuance of a writ of attachment is not disclosed by the complaint nor raised in the action in which the attachment is issued and the case at bar, where the complaint discloses affirmatively that the action is not one in which attachment will issue and the writ is discharged on motion in the action in which it was issued. The Koehler case does not hold that attachment proceedings are voidable only and never void because of lack of the foundationary requirements, but only that *"as applied to the present case* (italics ours) the attachment proceedings in the former action were voidable only". The case of *Passow & Sons* v. *U. S. Fidelity & Guaranty Co.*, 177 Cal. 31 [170 Pac. 1124], is also to be distinguished from the case at bar, for similar reasons.

It is evident from the affirmative allegations in the complaint in the action in which the writ of attachment was issued that the promissory note sued upon was secured by a pledge of personal property, and there is no allegation there or in the affidavit that the security had become valueless. The action was not one in which the writ of attachment was authorized. (Sec. 537, Code Civ. Proc.) The case is not one in which the writ was irregularly issued, but one in which it was improperly issued, and the writ is therefore void. (*Bullard* v. *Rosenberg*, 130 Cal. App. 542, 547 [20 Pac. (2d) 104]; *Talcott Land Co.* v. *Hershiser*, 184 Cal. 748, 763 [195 Pac. 653]; *Mudge* v. *Steinbart*, 78 Cal. 34, 39 [20 Pac. 147, 12 Am. St. Rep. 17].)

The writ being void, there existed no legal right to the seizure of property thereunder, and the bond given

by respondent to stay the execution was without consideration. Appellant was entitled to nothing under the void writ and parted with nothing to which he was entitled when the sheriff released the property.

Other points raised by appellant are disposed of by the views herein expressed.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.