[Civ. No. 11782. First Dist., Div. Two. Mar. 23, 1942.]

UNITED STATES GUARANTEE COMPANY (a Corporation), Respondent, v. MATSON NAVIGATION COMPANY (a Corporation), Appellant.

Brobeck, Phleger & Harrison and M. B. Plant for Appellant.

Ackerman, Wayland & Mathews, Lloyd S. Ackerman and George H. Johnston for Respondent.

DOOLING, J. pro tem.—On December 6, 1936, Steffgen and Barclay commenced an action in the Superior Court of San Diego County against Matson Navigation Company and Showboat Hotels, Inc., for the recovery of $4,959.90 for "work, labor, materials, equipment, supplies and repairs" alleged to have been furnished at the special instance and request of the defendants "for the benefit of the steamer or vessel" "City of Los Angeles." The complaint alleged that the vessel was owned by Matson Navigation Company and that "the plaintiffs have and claim a lien upon the said vessel, or boat, with its tackle, apparel, and furniture, under the provisions of Chapter VI, of Part II of Title X of the Code of Civil Procedure of the State of California" for the amount sued for. The prayer asked for a personal judgment against both defendants, that a writ of attachment be issued for the attachment of the "City of Los Angeles" with its tackle, apparel and furniture and that the same be decreed to be sold to satisfy the plaintiffs' claim. The complaint was verified as required by section 815, Code of Civil Procedure, and the plaintiffs Steffgen and Barclay having furnished the undertaking required by section 818, a writ of attachment issued against the vessel and it was attached by the sheriff all pursuant to sections 817 to 820, Code of Civil Procedure.

The writ of attachment recited the commencement of an action "to enforce a maritime lien" against the "City of Los Angeles" and commanded the sheriff to attach the vessel and "to keep the same in your custody until discharged in due course of law, unless said defendants give you security, by giving to you the undertaking mentioned in section 822 of the

Code of Civil Procedure." Thereafter Matson Navigation Company in San Francisco requested United States Guarantee Company as surety to execute and deliver an undertaking to release the vessel from this attachment and United States Guarantee Company through its San Diego agents using a printed form executed and delivered an undertaking, in the sum of $6,000, which was approved by a judge of the superior court and upon its delivery to the sheriff he released the vessel. The printed form of undertaking furnished and used was the form for the release of an ordinary attachment and its recitals were not patterned on the special provisions of part II, title X, chapter VI (secs. 813-827) of the Code of Civil Procedure. It bound the surety to pay "the amount of whatever judgment may be recovered in said action."

Thereafter Steffgen and Barclay in that action recovered judgment against Matson Navigation Company for $2,750 which Matson Navigation Company paid, and against Showboat Hotels, Inc., for $2,200 with certain interest and costs. The trial court found as to the amounts of both recoveries that they were not lienable under section 813, Code of Civil Procedure. After demand on United States Guarantee Company by Steffgen and Barclay to pay the amount of their judgment against Showboat Hotels, Inc., Steffgen and Barclay commenced an action on the undertaking and United States Guarantee Company paid to Steffgen and Barclay the sum of $2,429.55 in settlement of that action.

United States Guarantee Company then brought the present action against Matson Navigation Company for reimbursement and from a judgment for plaintiff Matson Navigation Company prosecutes this appeal.

Appellant argues that the undertaking furnished was broader in its obligations than required and that it should have been limited either to the payment of any judgment which was decreed to be a lien upon the attached vessel or at most to the payment of any judgment recovered against Matson Navigation Company. The decision of this question depends upon the construction to be placed upon the relevant sections of the Code of Civil Procedure and the allegations of the verified complaint filed by Steffgen and Barclay in the original action which resulted in the issuance of the attachment.

Section 813, Code of Civil Procedure, provides, so far as here material:

"All steamers, vessels and boats are liable:

"1. For services rendered on board at the request of, or on contract with, their respective owners, masters, agents, or consignees.

"2. For supplies furnished in this state for their use, at the request of their respective owners, masters, agents, or consignees.

"3. For work done or materials furnished in this state for their construction, repair, or equipment."

Subdivisions 1 and 2 make the liability of the boat (the creation of a lien upon it) dependent both upon the rendering of services on board or the furnishing of supplies for its use *and* the request of or contract for such supplies or services by the owner, master, agent or consignee. Subdivision 3 makes the boat liable for work done or materials furnished for its construction, repair or equipment without qualification. The complaint counted on "work, labor, materials, equipment, supplies and repairs for the benefit of said vessel" furnished "at the special instance and request of the defendants" and alleged the existence of a lien on the vessel therefor. It is obvious that if Showboat Hotels, Inc., was the agent or consignee within the meaning of subdivisions 1 and 2 or, as to equipment and repairs to the vessel, without regard to the status of Showboat Hotels, Inc., debts contracted by it would constitute liens on the vessel if they otherwise fell within the definitions of the first three subdivisions of the section. The verified complaint, which under the pertinent provisions of the Code of Civil Procedure takes the place of an affidavit in support of the attachment, asserted a lien against the vessel for the entire amount in suit. Whether its allegations were sufficient to support the issuance of the writ, if directly attacked upon motion to discharge the attachment, we need not pause to inquire, in view of the well settled rule of estoppel upon which the judgment in this case in our opinion was properly grounded.

The undertaking in this case was given under section 822, Code of Civil Procedure which reads:

"After the attachment is levied, the owner, or the master, agent, or consignee of the steamer, vessel, or boat, may, in behalf of the owner, have the attachment discharged, upon giving to the sheriff an undertaking . . . in an amount sufficient to satisfy the demand in suit. . . ."

In view of the fact that the attachment issued to secure the full amount prayed as against both defendants that constituted "the demand in suit" within the meaning of the section, and the undertaking to pay "the amount of whatever judgment may be recovered in said action" amounted to no more than an agreement to pay "the demand in suit" or any part of it in case of the recovery of a judgment by plaintiffs. It therefore was no broader than the requirement of section 822.

It is to be noted in this connection that after the levy of the writ of attachment appellant had two courses open to it to release its vessel. It could furnish the undertaking under section 822, which it elected to do in this case; or it could proceed under section 823 which reads:

"After the appearance in the action of the owner, the attachment may, on motion, also be discharged in the same manner, and on like terms and conditions, as attachments in other cases. . . ."

If appellant had elected to proceed under section 823 it could have attacked the sufficiency of the allegations of the complaint (which in this special type of attachment takes the place of an affidavit) to support the issuance of the writ of attachment (*Anaheim National Bank* v. *Kraemer*, 120 Cal. App. 63 [7 Pac. (2d) 765]; *O'Connell* v. *Walker*, 12 Cal. App. 694 [108 Pac. 668]) or by counter proof it could have established that no lien existed on the vessel to secure all or any part of the demand in suit. (*Fisk* v. *French*, 114 Cal. 400 [46 Pac. 161]; *Barbieri* v. *Ramelli*, 84 Cal. 174 [24 Pac. 113]; *Gessner* v. *Palmateer*, 89 Cal. 89 [24 Pac. 608, 26 Pac. 789, 13 L. R. A. 187]; *Sparks* v. *Bell*, 137 Cal. 415 [70 Pac. 281].)

Having elected to give the undertaking provided for in section 822, instead of proceeding by motion to discharge as provided in section 823, appellant under an unbroken line of authority is estopped to question the sufficiency of the complaint to support the issuance of the writ or to urge now that all or any part of the "demand in suit" was not secured by a lien upon the vessel. (*McMillan* v. *Dana*, 18 Cal. 339, 349; *McCormick* v. *National Surety Co.*, 134 Cal. 510, 511 [66 Pac. 741]; *McCutcheon* v. *Weston*, 65 Cal. 37 [2 Pac. 727]; *Passow & Sons* v. *United States F. & G. Co.*, 177 Cal. 31 [170 Pac. 1124]; *Koehler* v. *Serr*, 216 Cal. 143 [13 Pac. (2d) 673, 89 A. L. R. 262].) The authorities are exhaustively reviewed in *Passow & Sons* v. *United States F. & G. Co.*, *supra*,

and again in *Koehler* v. *Serr, supra.* In the Passow case the court said at pages 37-38:

"No attack was made upon the attachment by Bowman in the main action. Instead of moving that it be dissolved on the ground that the affidavit that the debt was not secured by a lien was false, he procured the exemption of his property from the levy by giving the undertaking here sued on. In this condition of affairs the present defendant executed the undertaking sued on. It must be presumed to have accepted the conditions then existing as the measure of its rights, and to have executed the undertaking with that understanding. The principle is settled in this state that a surety upon an undertaking given under section 540, to release an attachment, cannot interpose the objection, in a suit upon such undertaking, that the property attached, if any, was not subject to levy, or that the attachment was irregularly issued because of a false affidavit filed by the plaintiff to procure it. In *McMillan* v. *Dana,* 18 Cal. 339, 349, the court said of such an undertaking, that the sureties promise, 'in consideration of the release of the property from the attachment, that in the event of a recovery of the judgment by the plaintiff, they will pay the amount of the judgment. . . . The object of giving the undertaking was to procure this release, and this release was had in consequence of the undertaking; and the consideration of the undertaking, therefore, is the release so procured. In consideration of this release, the obligors agree to pay the judgment. Whether the property was redelivered to Vischer or not was wholly immaterial. . . . Nor does it matter whether the property was subject to attachment or not. That matter cannot be tried in this collateral way. It is enough that the plaintiff had this property levied on as subject to his debt, and that these sureties procured its release upon the stipulation that, in consideration of such release, they would pay the amount of the judgment to be recovered by the plaintiff in the attachment suit.' "

In *Koehler* v. *Serr, supra,* the court after quoting from the Passow case said at page 148:

"If, on collateral attack, the fact that the affidavit is false as to the unsecured status of the debt is no defense, then the falsity of the affidavit as to the true character or the plaintiff's cause of action as disclosed by the proof can be no defense, where, as here, the allegations of the complaint and the averments of the affidavit are *prima facie* sufficient."

The foregoing disposes of all points urged for reversal. Under the authority of the cases last cited, including those quoted from, appellant having elected to secure the release of the vessel by furnishing the undertaking required by section 822 cannot now raise any question going to the nature of the cause of action as actually proved and found in the suit in which the attachment issued, but is bound by an estoppel to deny that the entire demand in that action was secured by a lien upon the vessel as alleged in the verified complaint upon the allegations of which the writ was issued.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1942.