[Civ. No. 353.    Second Appellate District.—June 18, 1907.]

## C. C. BAILEY, Respondent, v. AETNA INDEMNITY COMPANY, OF HARTFORD, CONNECTICUT, Appellant.

ATTACHMENT—BOND FOR RELEASE—UNDERTAKING TO PAY JUDGMENT— COMMON-LAW BOND—RECITALS CONCLUSIVE.—An indemnity bond voluntarily given by the defendant to the sheriff to secure the release of an attachment levied on defendant's property, for which the writ of attachment provides, under section 540 of the Code of Civil Procedure, which recites the amount of plaintiff's claim, but which, in lieu of the form of undertaking provided for in that section, undertakes and promises "that in case the plaintiff recovers judgment in the action, defendant will pay to plaintiff the amount of whatever judgment may be recovered in said action, together with percentage, interest and costs," is substantially a bond to secure the release of an attachment under section 540, and would be valid at common law; and its recitals of the plaintiff's claim, and of the levy of the attachment and of the desire of defendant to release the same by the bond, are conclusive against the obligor, whether it be a statutory or common-law bond.

ID.—BOND FOR RELEASE CONTEMPLATED BY WRIT—ORDER OF COURT NOT REQUIRED.—Where the writ contemplates a bond to the sheriff for the release of attached property, as well as to prevent a levy thereof, no order of the court is essential to its effectiveness as a statutory or common-law bond, whatever its form, when voluntarily given for the purpose of procuring the release of an attachment levied upon defendant's effects.

ID.—SUBJECTION OF PROPERTY TO ATTACHMENT—AFFIDAVIT—VALIDITY OF WRIT.—In an action on the bond given to release the attachment it cannot be questioned whether the property released was subject to attachment or not, nor whether the affidavit for attachment was false or the writ invalid, under which the levy was made.

ID.—BOND FOR RELEASE NOT A STAY BOND—ACCRUAL OF CAUSE OF ACTION—EXECUTION UNSATISFIED.—A bond given to release an attachment, though in the form of an obligation of defendant to pay the judgment, does not operate as a bond to stay execution on the judgment, nor is an action thereupon an action on the judgment; and the cause of action on the bond accrues as soon as execution against the defendant has been returned unsatisfied, where no stay bond on appeal from the judgment was given to prevent such execution and return.

ID.—ACTION ON BOND—JUDGMENT ON PLEADINGS—MERITS.—In an action on the bond, a judgment on the pleadings is a judgment on the merits under our code.

ID.—TRIAL—INSUFFICIENT ANSWER—CONCLUSIONS OF LAW—INSUFFI-
    CIENT DEFENSE—PROPER JUDGMENT UPON PLEADINGS.—Where it
    appeared upon the trial that the denials of the answer were of
    mere conclusions of law, and that an affirmative defense to the or-
    iginal action on the ground of collusion, which failed to show the
    facts constituting it, or to show that there was any defense to the
    original action or any ability to supply upon a new trial evidence
    alleged to have been suppressed at the former action, states no de-
    fense, and where the defendant elected to stand upon the answer, a
    judgment upon the pleadings was properly rendered.

ID.—INTRODUCTION OF EVIDENCE—SURPLUSAGE.—The judgment having
    been rendered upon the pleadings, with a general finding that the
    averments of the complaint were true, the introduction of evidence
    at the trial became mere surplusage, and questions of its weight
    and admissibility are immaterial.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial. W.
P. James, Judge.

The facts are stated in the opinion of the court.

Drew Pruitt, Charles L. Batcheller, and Thomas C. Ridg-
way, for Appellant.

Sidney J. Parsons, and O. P. Widaman, for Respondent.

TAGGART, J.—This is an action to recover from the surety
on an undertaking given to release an attachment the amount
of the judgment rendered against the attached debtor.

Judgment was for plaintiff, and defendant appeals from
the judgment, and from an order denying its motion for a
new trial.

Plaintiff brought an action in the superior court of Los
Angeles county against the Pacific Furniture and Lumber
Company to recover judgment on two promissory notes with
interest, and attorney's fees as provided therein, and on an
account for work and labor. He caused an attachment to be
issued and levied on the property of the said Pacific Furni-
ture Company at the time the action was begun. On the
same day (April 14, 1904) the defendant herein, the Aetna
Indemnity Company, executed and delivered to the sheriff
who held the attached property of the furniture company,

the instrument here sued on, and the attached property was released and the attachment discharged. On the trial in the attachment suit the indebtedness was admitted by the defendant furniture company, but it was claimed that it was not due by reason of the execution by plaintiff and certain other creditors of the furniture company of a certain contract for forbearance extending the time of payment to September 23, 1903. Findings on this issue were for plaintiff, and on the fifteenth day of June, 1905, judgment in his favor was rendered against the Pacific Furniture Company for the full amount claimed. The present action was begun July 24, 1905, to recover from defendant herein, as surety on the undertaking given to release the attachment, the amount of such judgment. Defendant set up the same defense pleaded in the attachment suit, and alleged that the issues so raised were not fairly tried because of collusion between plaintiff and the defendant in the attachment suit, and asks that they may be tried on its answer in this action.

In support of the appeal it is urged that it appears from the complaint that the action was prematurely brought because the judgment was not final under section 1049, Code of Civil Procedure; that there is no allegation of indebtedness from defendant to plaintiff; that the writ of attachment was void; that it was not alleged that any property was levied upon by virtue of said writ of attachment; and that if the writ of attachment was not void the property was not shown to have been released as required by law.

The instrument sued on is attached to and made a part of the complaint. The allegations as to the manner of its execution and delivery would justify the assumption that it was given pursuant to the provisions of sections 554 and 555 of the Code of Civil Procedure, although these sections are not named. Some of appellant's objections to the pleading are based upon the instrument being so given, and upon this theory it is urged that the complaint fails to state a cause of action because it does not allege a compliance with all the steps and proceedings taken under those sections. To avoid these objections respondent claims the instrument to be an undertaking given under section 540 of the Code of Civil Procedure.

An examination of the instrument itself shows that it is not strictly in the form required by either section 540 or section 555. The former section applies where the intention is to *prevent* the levy of an attachment, and the sheriff may accept an undertaking "in an amount sufficient to satisfy such demand (plaintiff's), besides costs, or in an amount equal to the value of the property which has been, or is about to be, attached." The latter section (555) provides for the release of an attachment by the court. In which event the court must require an undertaking, "to the effect that in case the plaintiff recover judgment in the action defendant will, on demand, redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment, or, in default thereof, that the defendant and sureties will, on demand, pay to the plaintiff the full value of the property released."

The instrument pleaded shows the title of the court and cause in which given, recites the claim and amount of plaintiff's claim against defendant, the issuance of the attachment and levy thereof on "certain property and effects of said defendant," and that defendant desires 'to release said property from the attachment; that the surety (defendant herein), in consideration of the premises and the release of the property attached, undertakes in the sum of $4,350, "and promises that in case the plaintiff recovers judgment in the action defendant will pay to plaintiff the amount of whatever judgment may be recovered in said action, together with the percentage interest and costs."

The bond is not a forthcoming or delivery bond, but, as shown by its own provisions and the allegations of the complaint as a whole, was given to the sheriff under section 540 for the purpose of preventing a continuance of the levy upon or further holding of property which had already been attached. It is not strictly such an undertaking as that section directs him to take, but is an indemnity bond given for the benefit of plaintiff to secure the release of the property of defendant, and it accomplished that purpose. The condition of it is that the obligors will pay the judgment in consideration of the release of the attachment. It substantially conforms to the requirement of one clause of section 540 and the fair presumption, aided by the allegations of the com-

plaint, is that it was executed with reference to that section. It would be immaterial here under which section it was given, if it were not that the meaning and intentions of the parties are to be ascertained by the light of the statute. (*Heynemann* v. *Eder,* 17 Cal. 434.) Such an undertaking may be given either to prevent or to release an attachment (section 540; *Curiac* v. *Packard,* 29 Cal. 200); if voluntarily given to the sheriff to secure a redelivery or release of the property attached it would be valid at common law (*Palmer* v. *Vance,* 13 Cal. 553), and its recitals are conclusive as against the obligor whether it be a statutory or common-law bond. (*McMillan* v. *Dana,* 18 Cal. 339, 347.)

Quoting approvingly from the opinion in the case last cited, the supreme court says, in *McCormick* v. *National Surety Co.,* 134 Cal. 513, [66 Pac. 741]: "Nor does it matter whether the property was subject to the attachment or not. That matter cannot be tried in this collateral way. It is enough that the plaintiff had this property levied on as subject to his debt, and that the sureties procured its release upon the stipulation that in consideration of such release they would pay the amount of the judgment to be recovered by the plaintiff in the attachment suit."

The same rules apply if the bond be considered as a common-law bond. Speaking of a bond given to release an attachment which was held not to have been given pursuant to either section 540 or section 555, Code of Civil Procedure, the supreme court says: "Whatever the obligor recites in a bond to be true may be taken as true against him, and need not be averred in a complaint on such bond, or proved on the trial." (*Smith* v. *Fargo,* 57 Cal. 157.) Whether the undertaking be in statutory form or good only as a common-law bond is immaterial. (*Gardner* v. *Donnelly,* 86 Cal. 372, [24 Pac. 1072].)

Considering the points urged by appellant in the reverse order of their mention, its contention that the attachment was not released as required by law is based upon the assumption that the undertaking was given under section 555 and an order of the court necessary for the release of the attached property. No order was required, as the writ of attachment itself directed the sheriff to take such an undertaking and either not attach, or release the property attached, as the cir-

cumstances required.  The allegation of the complaint that the Pacific Furniture Company ''appeared in said action'' may be treated as surplusage.  The defendant is estopped by the recitals in its own written obligation, the bond, from saying that no property was levied on by virtue of the writ of attachment.

The complaint alleges an indebtedness from defendant to plaintiff with sufficient clearness, and the case of *Provident Mutual etc.* v. *Davis,* 143 Cal. 253, [76 Pac. 1034], cited by appellant, has no application here.  The recitals in the bond also conclude the defendant here as to the sufficiency of the affidavit upon which the attachment was based, and of the writ itself.  That the former was false, or the latter did not state the amount of the plaintiff's demands in conformity with the complaint, cannot be questioned by defendant.  If these matters, or either of them, were open to question at this time and in this manner, the rulings of the trial court in this connection would still have to be sustained.  (*Porter* v. *Pico,* 55 Cal. 173; *Scrivener* v. *Dietz,* 68 Cal. 1, [8 Pac. 609]; *Harvey* v. *Foster,* 64 Cal. 296, [30 Pac. 849].)

This is an action on a bond and not on the judgment rendered in the action of *Bailey* v. *Pacific Furniture Co.*  The bond was given to take the place of the security obtained by attaching certain personal property of the defendant in that action.  The attachment issued and the property was seized that it might be available for the execution of the judgment which plaintiff expected to and did subsequently obtain against the Pacific Furniture Company in the superior court.  Unless an appeal had been taken at once, and a stay bond given, the plaintiff could, and no doubt would, have proceeded to sell the property attached to satisfy the judgment of the superior court.  This, it is admitted, could have been done, but it is claimed that it is so only because of express statutory authorization.  It is provided by section 552 that if the execution be returned unsatisfied in whole, or in part, the plaintiff may prosecute any undertaking given pursuant to either section 540 or section 555; and the complaint alleges an execution was issued on the judgment and returned wholly unsatisfied.

The attachment proceeding is merely auxiliary to the main action (*Porter* v. *Pico,* 55 Cal. 173), and the latter would go

forward to execution whether the sheriff held the attached property or the undertaking given for its release. There is nothing in the statute to suggest that the bond given to release attachment shall operate as a stay bond to prevent execution on the judgment for six months after its entry. For the protection of the surety, it is required that an effort shall be first made to execute against the judgment debtor. Failing in this, the substitute for the attached property is immediately available and the bond may be enforced at once.

In *Cook* v. *Ceas*, 143 Cal. 221, [77 Pac. 65], claimed by appellant to be decisive of this case, the supreme court, on page 226 of the opinion, says: "The question, then, is reduced to this: When did the order settling the account of the guardian become a binding order?" The answer to this question was "Not until the time for appeal had passed." The question here is: When was execution on the judgment in the attachment suit enforceable? The answer is: As soon as entered (Code Civ. Proc., sec. 681), unless an appeal was taken at once and stay bond given. As well could it be said that it would be necessary to await the six months within which an appeal might be taken before a demand for the return of the property taken from the sheriff on a forthcoming bond could be made, or the redelivery of the property compelled. We think the case of *Cook* v. *Ceas* is easily distinguishable from the case at bar.

The findings and judgment recite: A trial of the cause before the court on its merits; the introduction of evidence by the plaintiff and by the defendant; that the latter sought to introduce testimony which was objected to on the ground that the answer failed to state a defense, and that the defendant thereupon announced that it elected to stand upon the answer as framed and declined to amend or offer further testimony. The transcript of the proceedings at the trial support these recitals in every particular. This, appellant contends, shows that the judgment was on the pleadings, and that, therefore, a new trial should be ordered that the findings on the evidence introduced may be stricken out and the judgment be made to declare on its face that it is based on the pleadings. Considering the judgment as one rendered on the pleadings (which it is), the conclusion suggested by appellant does not necessarily follow. There is but one finding

of fact by the court and that is the general one, that "each and every allegation contained in the plaintiff's complaint are true." This is but the express finding of that which is impliedly found by a judgment for plaintiff on the pleadings. A judgment on the pleadings is a judgment on the merits under our code. (Code Civ. Proc., secs. 581, 582.)

The ruling of 'the trial court as to the sufficiency of the answer was correct. The denials therein are of conclusions of law and of those matters as to which defendant is concluded by the recitals in the bond. The facts alleged in the affirmative defense are not sufficient to constitute either a defense or counterclaim. An answer claiming the relief here sought by defendant must show not only the facts constituting the fraud which prevented a fair judgment from being rendered in the former action, but it must also show that there was a good defense to the original action upon the merits and that the defendant will be able to present this defense upon a new trial. These matters must be alleged, not in the form of conclusions, or ultimate facts but in the same manner as the facts constituting the fraud; that is, the particular facts which were not presented upon the trial of the original action, by reason of the fraud complained of, must be set out, and accompanied by an allegation that the complaining party has the ability to produce evidence upon any new trial that may be granted to establish such facts as alleged. In reaching this conclusion we recognize the rule invoked by appellant, that each case of fraud must be determined upon its own circumstances. Here it is claimed that there was a collusive failure to introduce available evidence constituting a defense upon the original trial. The details of this failure should be pleaded and the ability of the defendant in this action to supply, upon a new trial, the evidence which was willfully suppressed upon the former trial should be clearly alleged. This is required to support a bill in equity to set aside a decree for fraud, or because of newly discovered evidence. The same rule is proper here. (*Hulford* v. *Cohn*, 18 Cal. 46, concurring opinion, Harrison, J.; *Whitney* v. *Kelley*, 94 Cal. 153, [28 Am. St. Rep. 106, 29 Pac. 624].)

The other objections to the court's rulings assigned as error need not be considered, as they relate to the introduction of

evidence and its sufficiency. The judgment being on the pleadings, the introduction of evidence becomes mere surplusage, and questions of its weight and admissibility are immaterial.

Judgment and order appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.