[Civ. No. 373.    Second Appellate District.—July 5, 1907.]

W. C. MUSHET, Respondent, *v*. E. R. FOX, Appellant.

ACTION ON NOTE AND CHATTEL MORTGAGE—WANT OF CONSIDERATION—AFFIRMATIVE DEFENSE—OMISSION IN FINDINGS.—In an action on a note and chattel mortgage, a plea of want of consideration is an affirmative defense, and if evidence was offered in support of it, it would be the duty of the court to find thereon, but where it appears from the record that the omission to find thereon would not affect the substantial rights of the defendant, the judgment will not be reversed on account of such omission.

ID.—PROOF OF CONSIDERATION—ASSIGNMENT OF ATTACHMENT CLAIMS TO PLAINTIFF—RELEASE OF ATTACHMENT.—Where the evidence showed that attachment claims against defendant's property which were unsatisfied were assigned and transferred to the plaintiff, and that the release of the attachment by plaintiff was the agreed consideration on which the note and chattel mortgage were executed, the consideration thereof was proved, and the omission to find upon defendant's plea of want of consideration could not prejudice the defendant.

ID.—STATEMENTS OR ACTS OF ASSIGNORS AFTER TRANSFER.—The statements or acts of the assignors subsequently made or performed after the assignment and transfer to the plaintiff can have no effect as against the plaintiff as tending to overcome his proof of transfer.

APPEAL from a judgment of the Superior Court of Los Angeles County. G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

L. M. Fall, for Appellant.

Carroll Allen, and W. T. Craig, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment in favor of plaintiff. The action was upon a note secured by chattel mortgage executed by defendant to plaintiff. Copies of both note and mortgage were set out in the complaint. The sole issue tendered by the answer was a plea of want of consideration. The court, upon the trial, found all of the allegations of the complaint to be true, but made no finding as to the affirmative issue raised by the answer.

The record contains a bill of exceptions, settled and allowed by the trial court on October 13, 1906, being the day succeeding the trial, in which bill alone appears the specifications of error relied upon. Judgment, however, was not entered until October 24, 1906. A copy of the bill of exceptions was served upon plaintiff's counsel November 2, 1906, and on that day filed. The certificate of the judge is that the bill of exceptions had been "duly prepared and settled with due time and in the manner required by law." Assuming for the purposes of this decision, but without deciding, that a bill of exceptions specifying as error the insufficiency of the evidence to support a finding may be settled and allowed before such finding is actually made, and treating the bill of exceptions as a part of the record, we are satisfied that the judgment should be affirmed.

That the plea of want of consideration is an affirmative defense is determined in *Pastene* v. *Pardini*, 135 Cal. 433, [67 Pac. 681]. If there is any evidence offered in support of such affirmative defense the defendant is entitled to a finding thereon; yet if it appears from the record that "the failure to make such finding would not affect the substantial rights of the appellant, the judgment ought not to be reversed. (Code Civ. Proc., sec. 475.)" (*Winslow* v. *Gohransen*, 88 Cal. 452, [26 Pac. 504].) In support of the issue of want of consideration the appellant's evidence shows that he was indebted to two certain corporations in an aggregate amount of $642.10; that another creditor of appellant had levied an attachment upon his property, and he thereupon, for the

purpose of counteracting this attachment, solicited the corporations to issue an attachment upon their claims; that these corporations, in compliance with such request, procured the Wholesalers' Board of Trade, of which plaintiff was secretary, and one Rossiter, who was assistant secretary, to bring suit upon their claims, which suit was brought in the name of Rossiter and an attachment duly levied; that thereafter defendant, by giving bond, had the first attachment released, and requested plaintiff to release the second attachment, which he refused to do unless other security was given for the claim. Thereupon defendant executed the note and chattel mortgage to plaintiff for $747.11, and the attachment was accordingly released. It does not appear what costs or expenses were incurred by plaintiff in the attachment proceedings, or that the amount of the note was in excess of the original claim and such costs. Appellant testifies that after the attachment was levied and before the release, he gave a check to one of the corporations for the amount of its claim, but this check was not, upon presentation, paid, on account of "want of funds"; that thereafter defendant deposited in the bank upon which said check was drawn funds more than sufficient to cover such check, but the same was not thereafter presented nor paid; that when he gave the check the corporation executed a receipt to defendant for the amount of its original bill and after the dishonor of the check refused to surrender the same until the receipt was returned. Defendant's claim of want of consideration is based upon the proposition that no evidence was offered tending to show that the claims of the corporations had been actually assigned to Rossiter before suit, or by Rossiter to plaintiff before the execution of the note and mortgage. The only competent evidence in relation to such assignment is that of Rossiter, who, testifying in relation to the facts existing at the date of the note, says: "In the meanwhile plaintiff caused said original indebtedness owing by defendant to said packing-houses and transferred to witness to be transferred to plaintiff." Defendant objected to this evidence, but upon what grounds does not appear. In the absence of any proper objections, no error can be claimed in the admission of such statements, and they show sufficiently the assignment and transference of the claims to plaintiff. The statements or acts of the assignors subsequently made or performed could

have no effect against plaintiff as tending to overcome his proof of transfer. Aside from this, the situation of the defendant after giving the note and mortgage was not unlike that of one executing an undertaking for the release of an attachment, in which latter case, in an action upon such undertaking, the court will not inquire into the sufficiency of the complaint, or admit evidence as to matters therein necessary for determination in the original action out of which the attachment issued. (*Bailey* v. *Aetna Indemnity Co.,* 5 Cal. App. 740, [91 Pac. 416], decided by this court June 18, 1907, and authorities therein cited.) The attachment being actually released, such release was the agreed consideration for the note.

We find no error in the record and the judgment is affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 3, 1907.