BELLEVIEW v. WITTENBERG et al.

(Second Division. Nome. August 5, 1916.)

No. 2579.

1. ATTACHMENT ⚖=191—REDELIVERY BOND.

The giving of a redelivery bond in attachment under section 977, Comp. Laws Alaska 1913, does not operate as a discharge of the lien of the attachment.

2. ATTACHMENT ⚖=184—REDELIVERY BOND—RELEASE.

Upon recovery of judgment by an attaching creditor, in case a redelivery bond has been given and the property released, the court shall order and adjudge the property to be sold to satisfy the plaintiff's demands, and, if execution issue thereon, the marshal shall apply the property attached by him, or the proceeds thereof, upon execution. The failure of the plaintiff to cause the court to order the released property to be sold to satisfy the plaintiff's execution, and the application for and taking of a personal judgment against the defendant, constituted a

waiver of the lien of attachment, and precluded a recovery upon the redelivery bond given to secure the same.

3. BONDS ☞35—ATTACHMENT—COMMON-LAW OBLIGATION.

Redelivery bond in attachment will not be sustained as a common-law obligation, for want of consideration.

This action is brought by the plaintiff to recover from the defendants upon a redelivery or forthcoming bond given by the defendants to the United States marshal to secure the surrender of the possession by said marshal of certain property of the defendant A. Wittenberg that had been attached by the plaintiff herein in an action brought by him in this court upon the 18th day of September, 1913, against the said A. Wittenberg. Upon the execution and delivery of said bond, the United States marshal surrendered the possession of said attached personal property to the said A. Wittenberg, upon or about the 18th day of September, 1913. Thereafter the said Wittenberg was adjudicated a bankrupt by this court and afterwards, to wit, on the 20th day of March, 1915, the said plaintiff recovered a judgment against the defendant A. Wittenberg in that certain action above mentioned and entitled "B. Belleview v. A. Wittenberg," said judgment being a personal judgment only against the defendant therein for the sum of $726.80, with interest and costs, and this court permitted the entry of said judgment in view of the statement by plaintiff's counsel in open court at the time that he did not intend nor seek to enforce said judgment against the defendant, who had previously been adjudicated a bankrupt as aforesaid, but that said judgment was a mere formality, and sought to fix the liability of the obligors upon the redelivery bond above referred to.

The defendant A. Wittenberg has filed his answer herein, in which he pleads a decree of discharge from his debts as a bankrupt, granted him by this court upon the 29th day of May, 1915, and there can be no question that said defendant is not liable herein.

No service of summons was had upon the defendant, Conrad Freeding, by the marshal owing to his absence from the district of Alaska at the time.

The defendant S. Simson sets up several defenses in his answer, only two of which will be considered by this court. One defense is that by the said judgment of March 20, 1915,

a copy of which is attached to said answer and marked "Exhibit B," the plaintiff in said action waived his lien against any and all property attached in said action resulting in said judgment, and liberated the same and discharged the bond given by the defendants herein as aforesaid.

G. B. Grigsby, of Juneau, for plaintiff.

G. J. Lomen and O. D. Cochran, both of Nome, for defendants.

TUCKER, District Judge.  Section 977 of the Compiled Laws of Alaska of 1913, under which the bond in question was given, is as follows:

"Sec. 977. The marshal may deliver any of the property attached to the defendant, or to any other person claiming it, upon his giving a written undertaking therefor, executed by two or more sufficient sureties, engaging to redeliver it or pay the value thereof to the marshal, to whom execution upon a judgment obtained by the plaintiff in that action may be issued."

And section 979 of said Compiled Laws provides:

"Sec. 979. If judgment be recovered by the plaintiff, and it shall appear that the property has been attached in the action and has not been sold as perishable property or discharged from the attachment as provided by law, the court shall order and adjudge the property to be sold to satisfy the plaintiff's demands, and if execution issue thereon, the marshal shall apply the property attached by him, or the proceeds thereof, upon the execution, and if there be any such property or proceeds remaining after satisfying such execution, he shall, upon demand, deliver the same to the defendant."

It must be conceded, from the authorities, that the giving of the redelivery bond in question did not operate as a discharge of the lien of the attachment.  In the case of Coos Bay R. & E. R. & Nav. Co. et al. v. Wieder, 26 Or. 453, 38 Pac. 338, involving a similar statute of Oregon, the first syllabus is as follows:

"Property attached by a sheriff and taken from his possession under a redelivery bond as provided in Hill's Ann. Laws, § 154, is not discharged of the lien."

See, also, Kohn et al. v. Hinshaw, Sheriff, 17 Or. 308, 20 Pac. 629, and Drake v. Sworts et al., 24 Or. 198, 33 Pac. 563, to the same effect.

Under the specific terms of section 979 aforesaid, when plaintiff recovers a judgment, "the court shall order and ad-

judge the property to be sold to satisfy the plaintiff's demands," unless the attached property has been sold as "perishable property" (which was not done in this case), or unless it has been "discharged from the attachment as provided by law." And by section 981 of said Compiled Laws it is provided by law how the attachment may be discharged by the court or judge or the clerk of such court upon the defendant making application therefor and executing the undertaking specified in section 982, to wit:

"That the sureties will pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action."

It must also be conceded that the attachment in question was not discharged as provided by law, viz., the giving of the undertaking provided by section 982 aforesaid; for the undertaking executed by the defendants herein was clearly given under the provisions of section 977 aforesaid, as a redelivery bond. This is evident, both from the fact that it was given to the United States marshal as the obligee therein, and from the terms of the undertaking itself, viz., "that the said defendant will redeliver the said property, or pay the value thereof, to the United States marshal," etc.

It therefore necessarily follows, from a consideration of the foregoing, that, when the plaintiff recovered the aforesaid judgment in his said action against the defendant A. Wittenberg, if he wished to preserve and enforce the lien of his said attachment against the personal property of said defendant, he was required by the provisions of section 979 aforesaid to see that "the court shall order and adjudge the property to be sold to satisfy the plaintiff's demands," and the failure to do so upon his part and the presenting to and securing from the court of the entry of a personal judgment merely against said defendant constituted a waiver of the lien of his said attachment, and precludes a recovery upon the redelivery bond given to secure the same.

In the case of Moore-Schaefer Shoe Mfg. Co. v. Billings et al., decided by the Supreme Court of Oregon, and reported in 46 Or. 401, 80 Pac. 422, a case which is especially interesting, in view of the fact that the defendant in that case, as in the one at bar, had been adjudged a bankrupt after the levy of the attachment and before it was sought to be asserted, the

court passed upon this very question, and in the opinion by Wolverton, C. J., say (46 Or. 403, 80 Pac. 423):

"Preliminarily it must be observed that the plaintiff has no lien on the goods by virtue of the alleged levy of the writ of attachment issued in the action instituted against Billings and recovered on its demand. There was no order entered adjudging the property to be sold at the time of the rendition of the judgment in the action. This was tantamount to a waiver of the attachment lien if one was legally and regularly obtained, and a liberation of the goods from the effect of such levy. The principle was recognized in Bremer v. Fleckenstein, 9 Or. 266."

And the case of Johnston et al. v. Shaw et al., decided by the Circuit Court of Appeals, Ninth Circuit, September 5, 1911, reported in 190 Fed. 466, 111 C. C. A. 298, throws some light upon this question, for, while in that case the judgment ordered the sale of the attached property and the question was whether a special execution was necessary thereon, the court points out that the authorities cited were not applicable for the very reason that the judgment had specifically ordered the sale of the attached property, and the court say (190 Fed. 474, 111 C. C. A. 306):

" * * * And we are of opinion that under the Alaska statute a special execution is not required to fix the liability of the obligors on the redelivery bond, where a judgment has been entered directing the sale of the attached property, and the execution follows the direction of the judgment."

And the plain and necessary inference from the language used by the court in the foregoing case is that where, as in the case at bar, the judgment entered does not direct the sale of the attached property, but is merely a personal judgment against the defendant, the authorities cited in that case would be applicable and decisive. The authorities are voluminous and practically unanimous upon the foregoing proposition.

Plaintiff, however, seeks to sustain the undertaking in question by claiming that, although it may possibly be invalid as a statutory bond, it is valid as a common-law obligation, and that it was evidently not drawn as a redelivery bond under the statute, as it recites that it is executed "in consideration of the release from said attachment of the property so attached as aforesaid." The answer to this contention is that it is evident, from the actions of the parties and the record, that the undertaking in question was executed and accepted as and for

a redelivery bond under section 977 aforesaid, and that the foregoing recital may properly be treated as mere surplusage and of no effect, for it is necessarily incorrect and untrue in point of fact. Moreover, plaintiff himself in his complaint seeks to recover upon a redelivery bond under the statute, and not upon a common-law obligation, and plaintiff alleges that:

"The said defendants, in consideration of the surrender of said attached property to the defendant A. Wittenberg, undertook to re-deliver to the said United States marshal, upon demand, the said attached property or pay the value thereof" (page 2, complaint), and (page 4, complaint) "in consideration of the execution and delivery of said bond to the United States marshal the said United States marshal thereupon, as required by law, surrendered possession of said attached goods and wares of the said A. Wittenberg to the said defendant A. Wittenberg."

Plaintiff must certainly stand upon the allegations of his complaint, and, having based his statement of his cause of action upon the theory of the execution and breach of a rede-livery bond by the defendants herein, plaintiff cannot now be heard to claim that the bond in question is not a redelivery bond, but a common-law obligation. Moreover, even ·if the undertaking could by any possibility be treated as a common-law obligation, it would be void for want of consideration, for the recital of consideration upon which the plaintiff now seeks to rely, viz., "in consideration of the release from said attach-ment of the property so attached as aforesaid," is not borne out by the facts, or the law, or the evidence in the case. Under the Alaska statute (section 977 aforesaid) the marshal can only deliver the property attached to the defendant, as was done in this case, and cannot release or discharge the attachment, which still remains in full force and effect after such redelivery of the property attached. And under section 981, supra, the power to discharge and release the attachment is reserved to the court or judge or clerk of the court. Furthermore, con-sidering the undertaking in question as a common-law bond for the purpose of this argument only, then it would be discharged by the stipulation entered into between the plaintiff and the defendant A. Wittenberg, as set up in the fourth defense of the answer of the defendant S. Simson, a copy of which, mark-ed "Exhibit C," is attached to said answer, in which the plain-tiff granted to the said Wittenberg, upon part payment in

cash, an extension of time for the payment of the balance of the indebtedness upon which the original action was brought and in which the undertaking in question was given, without the knowledge or consent of the sureties thereto. 32 Cyc. p. 191, and numerous cases cited in footnotes.

· The California cases cited by plaintiff are not at all applicable to the facts of the case at bar, for the reason that the California statutes with reference to the giving of undertakings for the discharge of attachments and of redelivery bonds are just the reverse of the Alaska statutes; in California the sheriff may take a bond to discharge an attachment, and the court may take a bond for the redelivery of property. And in the California case of Bailey v. Ætna Indemnity Co., 5 Cal. App. 740, 91 Pac. 416, upon which plaintiff places such reliance, the court in the opinion (5 Cal. App. 740, 91 Pac. 417) state that the bond is not a forthcoming or delivery bond, but the condition of it is that the obligors will pay the judgment in consideration of the release of the attachment, so that the facts in that case were totally dissimilar from those here.

This court is therefore of the opinion that the defendants are entitled to judgment in this action, and findings of fact and conclusions of law and a decree may be entered in accordance with this opinion.