[No. 14637.   Department Two. — July 30, 1892.]

JOHN D. BROWNLEE, RESPONDENT, v. W. G. RIF-
FENBURG ET AL., APPELLANTS.

ATTACHMENT — UNDERTAKING FOR RELEASE — RETURN OF EXECUTION —
CONDITION PRECEDENT TO ACTION. — Under section 552 of the Code of
Civil Procedure, providing that if an execution be returned unsatisfied
in whole or in part, the plaintiff may prosecute any undertaking given
pursuant to sections 554 and 555 of the same code, for the release of
property attached, the issuance and return of an execution is a condi-
tion precedent to the right to commence an action upon the undertaking.

ID. — DEMAND FOR RETURN OF PROPERTY. — An undertaking for the release
of property taken under a writ of attachment in an action, conditioned
that the "defendant will, on demand, redeliver such attached property
so released to the proper officer," does not limit the right to make the
demand to the officer to whom the property is to be delivered, but the
party in whose behalf the demand is to be made may himself make
it, and it is only necessary that the officer be clothed with authority to
receive the property and sell it.

APPEAL from a judgment of the Superior Court of
San Diego County, and from an order denying a new
trial.

The facts are stated in the opinion.

*Wellborn, Stevens & Wellborn,* for Appellants.

*Shaw & Holland,* for Respondent.

BELCHER, C. — This action is upon an undertaking,
executed by the defendants, for the release of property
taken under a writ of attachment, in an action wherein
the respondent here was plaintiff, and one W. D. Lewis
was defendant.

The court below gave judgment for the plaintiff, and
the defendants have appealed from the judgment, and
an order denying their motion for a new trial.

The court found that the plaintiff, Brownlee, com-
menced an action against Lewis, for the recovery of
money, in the superior court of San Diego County, and
took out and caused to be levied on the property of
Lewis a writ of attachment; that after the levy, the de-
fendants here executed and filed in court, for the benefit

of plaintiff, and pursuant to sections 554 and 555 of the
Code of Civil Procedure, the written undertaking sued
upon; that upon the filing of the undertaking, the court
ordered all the property attached to be released and re-
turned to Lewis, and the sheriff thereupon released the
same; that such proceedings were afterwards had in the
action that the plaintiff recovered judgment therein for
the sum of $524.30, no part of which had been paid;
that after the recovery of the judgment, and before the
commencement of this action, plaintiff demanded of
Lewis that he redeliver the property so levied upon to
the sheriff of the county, to be applied to the payment
of his judgment, and also demanded of the defendants,
in the possession and custody of one of whom the at-
tached property had been left by Lewis, that they rede-
liver the same to the sheriff, to be applied to the payment
of said judgment; that neither Lewis nor the defendants
delivered the property to the sheriff, and that upon their
failure to do so, plaintiff demanded of defendants that
they pay him the full amount of his judgment, which
they failed and refused to do; and that no execution
was ever issued on the said judgment.

Appellants contend that no action can be maintained
upon an undertaking given pursuant to section 555 of
the Code of Civil Procedure, until an execution has been
issued and returned unsatisfied, in whole or in part; and
in support of their contention, they cite section 552 of
the same code, which reads as follows: " If the execution
be returned unsatisfied, in whole or in part, the plaintiff
may prosecute any undertaking given pursuant to sec-
tion 540 or section 555, or he may proceed as in other
cases upon the return of an execution." The argument
is, that this section makes the issuance and return of an
execution a condition precedent to the right to com-
mence an action.

That the undertaking here sued upon was given pur-
suant to sections 554 and 555 of the Code of Civil
Procedure is alleged in the complaint, recited in the
instrument, and found by the court, and it must there-

fore be regarded as a statutory undertaking. This being so, we think the contention of the appellants must be sustained. Section 552, by providing that if the execution be returned unsatisfied, in whole or in part, the plaintiff may prosecute, etc., in effect, declares that unless or until an execution is issued and returned, no such prosecution shall be had. If this be not the meaning and purpose of the section, then, so far as we can see, it has no meaning or purpose, and might be stricken from the code without affecting any right or impairing any remedy whatever.

In *Smith* v. *Fargo*, 57 Cal. 157, the same point was made, and the court said: "In support of the first point, appellant relies upon section 552 of the Code of Civil Procedure; but that section has no application to the case, for the reason that the undertaking was not given pursuant to section 540 or section 555 of the code. It was not a statutory undertaking, and cannot be held valid and binding as such." From this language, the necessary inference would seem to be, that if the undertaking had been a statutory one, given pursuant to the sections referred to, then section 552 would have been applicable and controlling.

Appellants also contend that the demands for the redelivery of the attached property should have been made by the sheriff to whom it was to be delivered, and not by the respondent, and that as made the demands were insufficient. The undertaking was, that the "defendant will, on demand, redeliver such attached property so released to the proper officer," etc. This is also the language of the code (Code Civ. Proc., sec. 555); and in it we see nothing to indicate an intention to limit the right to make demand to the officer. On the contrary, it would seem that the plaintiff, in whose behalf the demand is to be made, might himself make it, and it would only be necessary that the officer be clothed with authority to receive the property and sell it.

It follows that the judgment and order should be reversed, and the cause remanded for a new trial.

XCV. CAL.—29

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

DE HAVEN, J., McFARLAND, J., SHARPSTEIN, J.