[Civ. No. 1645. First Appellate District.—November 2, 1916.]

## D. A. CURTIN, Appellant, v. B. KATSCHINSKI et al., Respondents.

ATTACHMENT—UNDERTAKING FOR RELEASE—RETURN OF EXECUTION— CONDITION PRECEDENT TO ACTION.—The issuance and return of an execution unsatisfied in whole or in part is required by the provisions of section 552 of the Code of Civil Procedure as a condition precedent to the right to commence an action upon an undertaking given pursuant to section 555 of such code for the release of attached property.

ID.—BANKRUPTCY OF JUDGMENT DEBTORS—RETURN OF EXECUTION NOT EXCUSED BY—NATIONAL BANKRUPTCY ACT.—The issuance and return of an execution unsatisfied in whole or in part as a condition precedent to the maintenance of an action against the sureties on an undertaking given for the release of attached property is not excused by the subsequent bankruptcy of the judgment debtors, where the latter did not obtain a discharge within one year after the adjudication of their bankruptcy, as the National Bankruptcy Act contains no inhibition against the issuance and levy of execution after the lapse of that time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Randolph V. Whiting, for Appellant.

M. H. Wascerwitz, Joseph H. Mayer, and George D. Perry, for Respondents.

RICHARDS, J.—This is an appeal on behalf of the plaintiff in an action brought to recover the sum of one thousand dollars, alleged to be due upon an undertaking by the defendants as sureties for the release of certain personal property from attachment.

The facts, which are substantially undisputed, are briefly these: The plaintiff and appellant herein commenced an action against the firm of Leipsic Brothers to recover the sum of $3,284.03, and caused to be attached certain personal property owned by said firm. Thereupon the defendants herein, as sureties for Leipsic Bros., executed an undertaking for the release of said attached personal property in the sum of one thousand dollars, and the property was released from the attachment. Subsequently the firm of Leipsic Bros. filed a petition in bankruptcy and were adjudged bankrupts, and the property which had theretofore been under attachment was taken into possession by the trustee, and sold under the order of the referee in bankruptcy for the sum of approximately one thousand dollars and the sale confirmed. Plaintiff presented his claim for the sum of $3,284.03 against said bankrupts, and in due course received dividends thereon aggregating the sum of $2,189.34. He also prosecuted his said action against Leipsic Bros., and recovered judgment against the firm for $3,713.13, upon which nothing was paid except the above dividends. He then began this action against said sureties upon the attachment bond. Leipsic Bros. were not made parties to this action, for the reason that they had not joined in the execution of the attachment bond. The undertaking sued upon was given in conformity with section 555 of the Code of Civil Procedure, and by its terms the respondents herein "undertake in the sum of one thousand dollars and promise that in case the plaintiff recover judgment in said action the defendants (Leipsic Bros.) will upon demand redeliver the attached property so released to the proper officers to be applied to the payment of the judgment, or in default thereof that the defendants and sureties will on demand pay to the plaintiff the full value of the property so released not exceeding the sum of one thousand dollars." Prior to the commencement of the action upon this undertaking the plaintiff demanded of the sureties the sum of one thousand dollars claimed to be due thereon,

31 Cal. App.—49

but he made no demand upon Leipsic Bros. for the redelivery of the attached property or the value thereof, nor did the plaintiff cause to be issued an execution upon the judgment obtained in the original action against Leipsic Bros., nor has such execution ever been issued or returned unsatisfied in whole or in part. It further appears that the firm of Leipsic Bros. have not obtained their discharge in bankruptcy, and that more than one year had elapsed between the adjudication of their bankruptcy and the institution of the present action.

Upon the foregoing facts the trial court gave judgment in the defendants' favor, and denied the plaintiff's motion for a new trial, whereupon he prosecutes this appeal.

We are inclined to agree with the contention of the appellant that the fact that as plaintiff in the original action he presented his claim against Leipsic Bros. to the bankruptcy court, and received dividends thereon in excess of the sum in which the undertaking involved in the pending suit was given, did not operate to discharge the obligation of the sureties upon said undertaking; and also with his contention that no demand for the return of the released property was necessary in view of the fact that said property had been sold and the sale confirmed by the bankruptcy court, and hence that the making of such demand either on Leipsic Bros. or the defendants herein would have been an idle and useless act.

But conceding this much to the appellant, the insuperable objection to the maintenance of this action consists in the admitted fact that no execution was issued or returned unsatisfied in whole or in part prior to the institution of the present suit.  Section 552 of the Code of Civil Procedure, under the title of "Attachment," reads as follows:

"Sec. 552.  When suits may be commenced on the undertaking.  If the execution be returned, unsatisfied, in whole or in part, the plaintiff may prosecute any undertaking given pursuant to section 540 or section 555, or he may proceed, as in other cases, upon the return of an execution."

It has been expressly held that under this section of the code the issuance and return of an execution unsatisfied in whole or in part is a condition precedent to the maintenance of an action upon an undertaking given under the terms of section 555 of the Code of Civil Procedure.  (*Brownlee* v.

*Riffenburg*, 95 Cal. 447, [30 Pac. 587].)  It is urged, however, by the appellant that the issuance and return of an execution was rendered unnecessary, and therefore excused, by reason of the fact that Leipsic Bros. had gone into bankruptcy, and that the issuance or attempted levy of an execution would be a fruitless and useless proceeding; and they cite the case of *Rosenthal* v. *Perkins*, 123 Cal. 240, [55 Pac. 804], as sustaining this view.  An examination of that case, however, shows that it differs from the case at bar in this essential respect; that in that case the principal debtor, for the release of whose property the undertaking had been given, had taken the benefit of the state insolvent act then in force, by the terms of section 45 of which act the issuance and levy of executions was forbidden against insolvents who had come within its provisions.  The supreme court, in distinguishing that case from the case of *Brownlee* v. *Riffenburg*, 95 Cal. 447, [30 Pac. 587], held that this inhibition against the issuance and levy of an execution against insolvent debtors of necessity rendered section 552 of the Code of Civil Procedure inapplicable to such a case; for to hold otherwise would have rendered impossible an action on an undertaking given under section 555 of the Code of Civil Procedure after the principal debtor had taken advantage of the insolvent act.  But the National Bankruptcy Act contains no such inhibition against the issuance and levy of executions after the lapse of one year as against debtors who have not obtained their discharge within that time; and this being so, and the entire proceeding being statutory, we are of the opinion that the rule laid down in the case of *Brownlee* v. *Riffenburg*, 95 Cal. 447, [30 Pac. 587], must be given full application to the case at bar.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.