[Civ. No. 2888.   Third Appellate District.—February 7, 1925.]

## UNIT CONSTRUCTION COMPANY (a Corporation), Respondent, v. HOWARD N. FOSS et al., Appellants.

[1] Attachment—Release of Attachment—Accrual of Cause of Action Against Sureties—Time.—The cause of action of a plaintiff (who secured judgment against the defendant in an attachment suit) against the sureties on the bond for the release of the attachment accrued immediately upon the refusal of the defendant in the attachment suit to redeliver the attached property on demand and the return of execution unsatisfied.

[2] Id.—Release of Attachment—Mechanics' Liens—Judgments—Offer of Sureties to Redeliver Property.—The offer of sureties on an undertaking for the release of an attachment to redeliver attached real property (the undertaking providing that if the plaintiff in the attachment action recover judgment, the defendant will on demand redeliver the attached property so released, and that in default thereof, the defendant and sureties will on demand pay to plaintiff the full value of the property released not exceeding the amount of the judgment) is not a good defense to an action brought against them by the plaintiff who recovered judgment in the attachment suit, where the property is encumbered by judgments on mechanics' liens for work performed on the property before the execution of the undertaking (the liens being filed and the judgments secured, however, after the execution of the undertaking), and the plaintiff was deprived of the right to intervene in the mechanic's lien suits because of the release of his attachment by the giving of the undertaking.

[3] Id.—Security—Property Right.—Security obtained by the levy of a writ of attachment and the undertaking for release thereof is a property right.

[4] Id.—Suit Against Sureties—Validity of Mechanics' Liens—Collateral Attack.—The validity of the mechanics' liens cannot be determined collaterally in a suit upon the undertaking of the sureties.

(1) 6 C. J., p. 343, n. 37, p. 351, n. 27.   (2) 6 C. J., p. 345, n. 55. (3) 12 C. J., p. 1212, n. 40 New.   (4) 34 C. J., p. 511, n. 46.

APPEAL from a judgment of the Superior Court of Fresno County.   S. L. Strother, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing, Wild & Everts for Appellants.

Courtney L. Moore for Respondent.

FINCH, P. J.—The defendants Foss, Craycroft and Millark prosecute this appeal from the judgment entered herein against all the defendants.

The action was instituted to enforce the obligation of defendants on an undertaking executed by them for the release of an attachment of money and real property in an action prosecuted by plaintiff herein against the Fresno Dehydrated Products Company, the owner of such property. The undertaking recited the seizure of the property by the sheriff under the writ of attachment and provided that "in consideration of the release from the attachment of the property attached," the sureties "do hereby, jointly and severally, undertake in the sum of ten thousand dollars, and promise in case the said plaintiff recover judgment in this said action, the said defendant will on demand redeliver such attached property so released to the proper officer to be applied to the payment of the judgment; and that in default thereof said defendant and sureties will on demand pay to said plaintiff the full value of the property released not exceeding the amount of said judgment." It is admitted that the value of such property was in excess of $10,000. January 7, 1922, judgment was entered in the attachment suit against the defendant therein for the sum of $7,259.32, together with certain additional sums as interest. In the meantime the defendant in the attachment suit had been adjudged a bankrupt and the aforesaid judgment directed that it "be enforced solely out of the property attached or out of any and all bonds or undertakings given for the possession thereof or for the release thereof."

At the time of the execution of the undertaking there was a building in course of construction upon said real property and several persons had theretofore performed services and furnished materials in the construction thereof. These persons subsequently duly filed claims of lien and later prosecuted the same to judgment.

More than six months after the execution of the undertaking the Fresno Dehydrated Products Company filed its peti-

tion in bankruptcy and was thereupon adjudged a bankrupt. January 13, 1922, in the bankruptcy proceedings, the interests of the bankrupt in said real property was duly sold and conveyed to C. A. Tuttle.

January 14, 1922, plaintiff demanded of defendant in the attachment suit that it redeliver to the sheriff the property which had been attached, but the defendant refused. On the same day the plaintiff demanded of the defendants herein that they perform the obligation of their undertaking but they refused. January 16, 1922, execution was issued and placed in the hands of the sheriff but the same was returned by him "wholly unsatisfied" on the 27th of January, 1922. February 23, 1922, this action was commenced. March 6, 1922, the defendants filed their demurrer to the complaint. March 27, 1922, they tendered to the plaintiff the amount of money which had been attached and interest thereon and a deed executed by C. A. Tuttle conveying said real property to plaintiff. The plaintiff refused to accept the property so tendered. At the time of the tender the real property was encumbered by the aforesaid liens, or the judgments recovered thereon, on a lien for taxes. The defendants did not offer to pay any of these liens or to pay plaintiff's costs incurred up to that time in the prosecution of this action. The liens aggregated more than $6,000.

Respondent contends that the offer to redeliver the property was not a performance of the obligation of the sureties for several reasons: First, that it was too late, being made after suit upon the undertaking had been properly commenced; second, that the tender of the property was not made "to the proper officer to be applied to the payment of the judgment" but to the plaintiff; third, that at the time of the tender the real property was encumbered with the aforesaid liens for labor and materials and the judgments based thereon; fourth, that the defendants did not offer to discharge such liens or to pay the costs incurred by the plaintiff in the prosecution of this action up to the time of the tender. It is not necessary to consider all of these contentions. [1] The plaintiff's cause of action against the sureties accrued immediately upon the refusal of the defendant in the attachment suit to redeliver the property on demand and the return of the execution unsatisfied.

(*Metrovich* v. *Jovovich*, 58 Cal. 341, 344; *Gardner* v. *Donnelly*, 86 Cal. 367, 372 [24 Pac. 1072]; *Brownlee* v. *Riffenburg*, 95 Cal. 447, 449 [30 Pac. 587].) In view of the conclusion reached upon respondent's third contention it need not be determined whether the sureties might have discharged their obligation by a proper redelivery of the property after the commencement of this action.

[2] Appellants contend that the judgments upon the liens "related back to the time of the commencement of the building and . . . were prior liens to the attachment of this plaintiff"; and that therefore "the property was sought to be returned to the plaintiff in exactly the same condition that it was at the date of the attachment." Section 1186 of the Code of Civil Procedure, relating to liens of mechanics and materialmen, provides: "The liens provided for in this chapter are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished." Had the property remained under attachment, it is undoubtedly true that such liens would have taken precedence over the lien of plaintiff's attachment. In that case, however, the plaintiff would have had the right to intervene in any action to enforce such preferred liens and to contest the validity or the amount thereof. Plaintiff's attachment lien ceased upon the release of the property. (*Rosenthal* v. *Perkins*, 123 Cal. 240, 243 [55 Pac. 804].) He thereafter had no standing to appear in the actions wherein the preferred liens were prosecuted to judgment. If he is bound to accept redelivery of the property encumbered with the liens of the judgments entered in such actions, then the security which he obtained by levy of the writ of attachment and the undertaking for release thereof, has been impaired by suits to which he was not and could not have become a party. [3] Such security is a property right. "No person shall . . . be deprived of . . . property without due process of law." (Const., art. I, sec. 13.) "The meaning of this is that no one can be deprived thereof without notice and an opportunity for a hearing before some tribunal authorized to determine the question." (*Suckow* v. *Alderson*, 182 Cal. 247, 249 [187 Pac. 965].) The judg-

ments entered upon the preferred liens are binding upon the property and would have remained so if the plaintiff had accepted it when the tender was made. He could have attacked their validity, after acceptance, only upon the limited grounds upon which final judgments may be attacked. [4] Their validity cannot be determined collaterally in a suit upon the undertaking of the sureties. His inability to protect his rights under the attachment against the suits on the preferred liens was brought about by the act of the sureties in procuring the release of the property. The offer to redeliver the property under the circumstances stated is no defense. What the rule would be if the preferred liens had not been reduced to judgment and the plaintiff still had the right to contest them is a question not involved on this appeal.

No case has been discovered in which the precise question presented here is considered. There are, however, cases analogous in principle wherein it is held that conflicting claims to property released from attachment cannot be determined collaterally in a suit upon the undertaking given to secure such release. In *Rosenthal* v. *Perkins,* 123 Cal. 240 [55 Pac. 804], the undertaking was to the same effect as that in the instant case. After the release of the attachment, and in less than a month after the levy, the defendant filed his voluntary petition in insolvency and his property was conveyed to the assignee appointed in that proceeding. The effect thereof under the Insolvency Act of 1880, section 17 (Stats. 1880, p. 86), was to "dissolve any attachment made within one month next preceding the commencement of the insolvency proceedings." The court said: "Defendants contend that the effect of this provision was to dissolve the attachment . . . and render impossible the return of the released property to the attaching officer, and hence to destroy the obligation of their undertaking. . . . It is clear, for reasons which need not be enlarged upon, that if at the time the proceeding in bankruptcy is instituted there is no attachment in force on which the proceeding can operate, if the attachment lien has already been discharged by a bond for that purpose, then the liability of sureties on the bond is not affected by the subsequent bankruptcy of their principal." In *McCormick* v. *National Surety Co.,*

134 Cal. 510 [66 Pac. 741], the plaintiff in the attachment suit involved had procured an attachment to be levied on certain property as the property of the two defendants in that action. The surety company executed an undertaking for the release of the property. The undertaking contained the same provisions as that in the instant case. Judgment in the attachment suit was entered against only one of the defendants therein. In the action against the surety. the trial court found that the property attached belonged to the defendant against whom no judgment was recovered. The supreme court said: ''The actual ownership of the property attached is no concern of the surety. He can meddle with such property and remove it beyond the reach of the attaching creditor only by undertaking that if the plaintiff recover judgment in the action, it—the identical property attached and released—shall be restored to the attaching officer. Whether it belongs to a third party, or for any reason is not legally subject to the attachment, is a question to be litigated between plaintiff and the adverse claimant, and in no way affects the surety's express covenant to restore.'' (See, also, *Passow & Sons* v. *United States F. & G. Co.,* 177 Cal. 31, 38 [170 Pac. 1124], *Tormey* v. *Miller,* 31 Cal. App. 469, 472 [160 Pac. 858], and *San Francisco Sulphur Co.* v. *Actna Indem. Co.,* 11 Cal. App. 695, 699 [106 Pac. 111].) The question discussed is decisive of the case against the appellants and there is therefore no need to consider any other contentions made.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 6, 1925.